used on a basis of earnings and age, without deducting, first, a due proportion (in this case one half) for continuing ability to labor; secondly, some amount for probable diminution of ability by old age; and thirdly, a due proportion for the plaintiff's contributory negligence, if the jury should believe that there was such negligence. The concluding part of the charge which refers to dower and reversionary interest was irrelevant, and might have been misleading.　　　　　　　　　　　　　　*Judgment reversed.*

April 30, 1894. Argued at the last term.

Action for damages. Before Judge SMITH. Dodge superior court. March term, 1893.

E. A. HAWKINS, for plaintiff in error.

E. HERRMAN, W. B. COFFEE and E. A. SMITH, *contra.*

---

## FAULKNER *v.* VICKERS.

1. The pendency of a bill in equity brought by the assignee of a bond for titles against both the maker and the assignor, to compel the maker to convey certain described premises pursuant to the bond, and to set aside a conveyance which he had made to the assignor subsequent to the assignment, the bill, besides praying for this specific relief, praying also for general relief, operated as notice to all the world of the plaintiff's equity; and the doctrine of *lis pendens,* properly understood and applied, would prevent a stranger from dealing with either of the defendants in the bill, after it was filed and before final decree, so as to acquire a title to the premises from either of them capable of withstanding the force of the decree or frustrating its full legal effect.

2. Upon the facts set forth in the bill and upon the prayer for general relief, it was competent for the court, after verdict by a jury, to decree that the maker of the bond for titles was in no default, but that the assignor to whom he had conveyed should, upon the payment of a sum of money to him by the plaintiff, execute a conveyance of the premises to the latter. And that this decree and the verdict on which the same was based were the result of consent and arrangement by the parties to the cause would make no difference, in the absence of any evidence of collusion or fraud which would affect the conscience of the plaintiff.

3. The decree in connection with the deed made under it, although that deed did not recite the decree nor make any reference to it, was admissible in evidence in behalf of the plaintiff in an action of ejectment to recover the premises, brought against the grantee in a deed made pending the bill, by one of the defendants in the

equity suit, the one in whom the legal title was when the bill was filed; and when admitted, was conclusive of the right to recover in that action, the decree not being attacked by any evidence of fraud or collusion on the part of the plaintiff in obtaining it. As the uncontroverted evidence clearly entitled the plaintiff to recover, and as no rightful verdict could possibly have been rendered for the defendant, the court did not err in directing a verdict for the former.

4. Even granting that it was matter of strict right for the defendant to be heard before the jury, any error of the court hampering or cutting off that right, where there was really nothing to discuss, was harmless and is no cause for a new trial. *Early* v. *Oliver*, 63 *Ga.* 11. In respect to matters of courtesy and decorum, as between court and counsel, see *City Bank of Macon* v. *Kent*, 57 *Ga.* 283, 286 (25).                                        *Judgment affirmed.*

April 30, 1894.  Argued at the last term.

Ejectment. Before Judge SWEAT. Irwin superior court. April term, 1893.

On July 1, 1883, J. W. Paulk made to J. R. Faulkner a bond for title to certain land, upon Faulkner paying to Paulk $139 on January 1, 1884. In 1885 Faulkner sold the land to Vickers, received part of the purchase money and transferred to Vickers the bond for title of Paulk, Vickers undertaking to pay Paulk the balance due him, which was still unpaid. After so transferring the bond for title, Faulkner went to Paulk, paid him and took from him a deed to the land, and Paulk subsequently refused to make Vickers a deed on demand with tender of the money he had undertaken to pay Paulk. Vickers thereupon filed his bill, March 1, 1886, against Paulk and Faulkner, from which the foregoing facts appeared, together with the allegations that Faulkner was insolvent and had refused to make Vickers a deed, but with fraudulent intent had procured the deed from Paulk and was trying to set up an independent and adverse title; and that Paulk knew of Vickers' rights when he made the deed to Faulkner. The prayers were, that Paulk be required to make Vickers a deed in compliance with the bond, that the deed to Faulkner be cancelled, and

for general relief. Upon this bill, at the April term, 1887, a verdict and decree were rendered, by consent of all parties, discharging Paulk from liability, and finding that Faulkner, on payment of $159.05, should make title to the land to Vickers, but should have the use of the land free of rent until January 1, 1888. Immediately after the rendition of the decree, a deed from Faulkner to Vickers was executed, dated April 6, 1887, and making no reference to any verdict or decree. Plaintiff paid the money as required by the decree. He afterwards brought ejectment against John A. Faulkner, who was in possession of the land and who claimed under a deed from James R. Faulkner, his brother, dated September 16, 1886, and recorded May 3, 1887. In addition to the foregoing facts, there was testimony from the plaintiff, that defendant was present at the trial when the verdict and decree were taken, consented thereto, and was to get the money paid by Vickers under the decree; that in 1884 he heard plaintiff and James A. Faulkner talking about the bond for title; etc. · For defendant the testimony was, that he was not present when the verdict and decree were taken (though he was present at that term of court), had nothing to do therewith and did not consent thereto, received none of the money paid by Vickers, bought the land in good faith and paid other land for it, not knowing of the pendency of the bill against Paulk *et al.*, and had since been in possession making permanent and valuable improvements, and would not have traded for the land unless he had though he was getting a perfect title. The court directed a verdict for the plaintiff, and overruled defendant's motion for a new trial. The grounds of the motion are sufficiently indicated by the head-notes.

J. H. MARTIN and TOM EASON, for plaintiff in error.
ELISHA D. GRAHAM, *contra.*