## MARSHALL *v.* WHATLEY *et al.*

A suit for specific performance of a contract for the sale of land is notice of the claim that the plaintiff sets up therein, from the time it is commenced and docketed; and if duly prosecuted and not collusive, one purchasing the land pending the suit is affected by the final decree rendered therein, though the suit is in a county other than the one in which the land is located.
SEPTEMBER 22, 1911.

Complaint for land. Before Judge Reagan. Upson superior court. November 7, 1910.

*Claude Worrill* and *E. C. Armistead,* for plaintiff.

*J. Y. Allen, W. Y. Allen,* and *E. F. Dupree,* for defendants.

HOLDEN, J. G. P. Marshall, plaintiff in error (hereinafter called the plaintiff) brought suit in April, 1907, to recover a described tract of land, against H. T. Whatley and others. All the defendants in the suit, except H. T. Whatley (hereinafter called the defendant), disclaimed title and any right of possession. Upon the conclusion of the plaintiff's evidence the court granted a nonsuit, and he excepted. The plaintiff claimed to have entered into possession of the land and made valuable improvements thereon, under a written contract for its purchase from J. A. Carmichael Jr., to whom he paid all of the purchase-money, but who would not make him a deed. He filed a petition, in Pike superior court, for specific performance of the contract and an injunction against the sale of the land by Carmichael. Upon this petition, on the day it was filed, a restraining order was granted, which seems never to have been revoked or modified. Upon the trial a verdict and decree were rendered in favor of the plaintiff, requiring Carmichael to make the plaintiff a deed to the land, which was located in Upson county. Counsel for the defendant contends that the record shows that the defendant bought the land from C. S. Barrett, and that Barrett bought from Carmichael, and that if the plaintiff had any title to or interest in the land when he purchased, neither of them, when they respectively purchased the land, had any notice of such title or interest. The plaintiff contends that the record shows that Barrett bought from Carmichael, and defendant bought from Barrett after plaintiff made his written contract with Carmichael for the purchase of the land, and that each, when they respectively purchased, had equal notice of the fact that the plaintiff had such written contract. The plaintiff further contends that the purchases by Barrett and the defendant were made pending the suit of the plaintiff against Carmichael for specific performance; and though this suit was in the superior court of Pike county and the land was located in Upson county, it was notice to any one buying from Carmichael, pending the suit, of the plaintiff's claim therein, and of the verdict and decree rendered therein.

We think the record sufficient to authorize a finding that

when Barrett bought the land from Carmichael, and when the defendant bought it from Barrett, the suit by the plaintiff against Carmichael for specific performance was pending. The plaintiff testified, among other things, to substantially the following: He made a contract with Carmichael for the purchase of the land in 1899, and went into possession in the spring of 1899. He built a house and made other improvements. He locked the house, in which were some sawmill tools, and left the land in the spring of 1902. The defendant states, in the amendment to his plea, that "It was after plaintiff had declared he had given it up and moved off that Barrett purchased." According to the evidence, the plaintiff "moved off" in the spring of 1902, and the suit for specific performance was filed March 15, 1902. The defendant does not expressly state that either of the purchases, the one by him from Barrett, or the one by Barrett from Carmichael, was not made pending the suit for specific performance, but alleges that this suit in the superior court of Pike county was not notice to one buying, pending the suit, from the defendant in that suit, the land located in Upson county. The suit for specific performance, which was filed March 15, 1902, pended until April 3, 1906, when a verdict and decree were rendered. The plaintiff did not leave the land until the spring of 1902. After that some one broke open the house. The plea alleges that Carmichael was in possession when Barrett bought from him. We think the evidence sufficient to authorize a finding that Barrett bought pending the suit. The plaintiff testified that the defendant bought the land in 1903, which was pending the suit for specific performance. He further testified that "suit was pending in Pike superior court at the time the defendants bought the land here in dispute from J. A. Carmichael, under which they went into possession of it." The Civil Code (1910), § 4533, provides: "Decrees ordinarily bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." No exception is made with respect to a suit which is pending in a county other than the one wherein the land involved is located. We think the suit for specific performance by the plaintiff against Carmichael in the superior court of

Pike county, which terminated in a verdict and decree in favor of the plaintiff, was notice of the right and claim of the plaintiff to the land, though the land was situated in Upson county. Civil Code (1910), § 5425, provides: "A decree for specific performance shall operate as a deed to convey land or other property without any conveyance being executed by the vendor. Such decree, certified by the clerk, shall be recorded in the registry of deeds in the county where the land lies, and shall stand in the place of a deed." There is no statute in this State (as in some States) providing that in order for suits of this character to be notice there must be filed in the county where the land lies a notice that suit is pending in another county. In the absence of such a statute, a suit for specific performance of a contract for the sale of land against the owner, in a county different from that in which the land lies, is notice of the rights of the plaintiff in that suit, under the section of the Civil Code of 1910, above quoted. It is true that a suit for specific performance is not a suit "respecting titles to land," within the meaning of the provision of our constitution requiring a suit of that nature to be brought in the county where the land lies; and that it must be brought in the county of the residence of the defendant, though it be in a county different from that in which the land is located. Yet a suit of this kind is of such a nature, and so far involves the right to the title, use, and enjoyment of the land as to make it notice under the section above quoted. See *Faulkner* v. *Vickers,* 94 *Ga.* 531 (21 S. E. 233). This is true though the suit is brought in a county other than that in which the land is located. The provision in the Civil Code (1910), § 5425, quoted supra, that "Such decree, certified by the clerk, shall be recorded in the registry of deeds where the land lies, and shall stand in the place of a deed," is a requirement as to what shall be done after the determination of the suit; but we have no statute providing that anything must be done by the plaintiff in a suit for specific performance in a county other than that in which the land lies, pending such suit, in order to give notice to any one who buys the land involved in the suit from the defendant therein. In 2 Black on Judgments, in the text in § 550, he quotes language appearing in the decision in the case of Brightman *v.* Brightman, 1 R. I. 112, as follows: "We apprehend it is well settled that he who purchases property pending a suit in which the

title to it is involved takes it subject to the judgment or decree that may be passed in such suit against the person from whom he purchases. That he purchased it bona fide and paid a full consideration for it will not avail against such judgment or decree. Nor will he be permitted to prove that he had no notice of the suit. The law infers that all persons have notice of the proceedings of courts of record." See, in this connection, Wickliffe v. Breckinridge, 1 Bush (Ky.), 427.

In the suit for specific performance, the land was described as follows: "Two hundred acres, more or less, being all of lot No. —in——district of Upson county, Ga., being bounded on the north by the county line and on the east by the lands of Will Daniel, and on the south and west by the lands of Richard Fallens." This description was not so indefinite as to prevent the pendency of the suit from operating as a lis pendens so as to give notice of the plaintiff's claim made in that suit to the land in controversy. See *Johnson* v. *McKay,* 121 *Ga.* 763 (49 S. E. 757).

*Judgment reversed. Beck, J., absent. The other Justices concur.*