### EDENFIELD v. BOYETT et al.

ATKINSON, J. In an action of complaint for land the petition as amended alleged that the defendants claimed title under a pretended purchase from plaintiff. The defendants set up title to a definite portion of the land under a parol contract of purchase from the plaintiff, and disclaimed title as to the other part. In their answer the defendants also alleged part performance of the contract by payment of a part of the purchase-price and tender of the balance; and entry of possession and making valuable improvements on the land, on faith of the contract. The answer contained, among others, a prayer that the plaintiff be required to specifically perform the contract by executing a deed to the vendee. A verdict having been returned in favor of defendants for specific performance as prayed, the plaintiff made a motion for a new trial, which was overruled, and she excepted. *Held*:

1. Though the evidence was conflicting, the jury was authorized to find therefrom that a parol contract for the sale of land was entered into between the plaintiff and one of the defendants under whom the other defendants held; that the exact amount of the purchase-price was agreed on; that the contracting defendant paid a portion thereof and in pursuance of the contract went into actual possession of the land, exclusive of the vendor, with the latter's consent. It follows that the verdict in favor of the defendants was supported by the evidence. *Kinderland* v. *Kirk*, 131 *Ga.* 454 (62 S. E. 582).

2. The instructions given the jury, upon which error was assigned, stated correct legal principles applicable to the issues on trial. There was no exception complaining that the judge failed to correctly charge the law on the subject of what would be sufficient to take a parol contract for the sale of land out of the statute of frauds.

3. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

> *Judgment affirmed. All the Justices concur.*
> No. 1838. NOVEMBER 11, 1920.

Complaint for land. Before Judge Sheppard. Tattnall superior court. November 28, 1919.

*W. T. Burkhalter,* for plaintiff.

*E. C. Collins* and *Hines, Hardwick & Jordan,* for defendants.