## COLLINS v. COWART.

1. The court below did not err in refusing to continue the case on account of the absent witness.

(a) Ordinarily decrees bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein.

(b) The plaintiff in error was chargeable with notice of the pending litigation with reference to the land in controversy.

2. The court did not err in refusing to make the administrator of the estate of D. M. Collins a party to the case.

3. Under the facts of this case it was not error to allow the decree of the court in the case of Edenfield v. Boyett in evidence, over objection on the ground that neither R. C. Collins nor Mrs. R. C. Collins was a party to that case.

4. Under the facts of this case it was not error to refuse to allow the administrator of D. M. Collins, and Mrs. Edenfield, to be made parties to the suit, and to "plead and prove the fraud of H. F. Cowart, the plaintiff in the above-stated case, perpetrated on the said Mrs. Wealthy

Edenfield by his failure to disclose his interest in the premises in dispute in the last trial of the ejectment case, thus denying Mrs. Edenfield the right to secure a fair and impartial jury to try her case," etc., as set out in the fourth division of the opinion.

5. It was not error for the court to strike the name of R. C. Collins from the case, as set out in the fifth division of the opinion.

6. The court did not err in refusing to consolidate the two cases, as set out in the seventh division of the opinion.

7. It is recited in ground 15 of the motion for new trial that "the undisputed evidence shows in the trial of the case that Thomas Boyett, the defendant in the said ejectment case, prior to the last trial thereof, transferred and conveyed all his right he had in and to the premises in the said case to the said H. F. Cowart. Hence, movant contends, that all his rights as plaintiff in a cross-petition praying affirmative relief had ceased, for he had no such rights at the time of the amendment praying 'for same, and under the facts neither did Dr. Kennedy." It appears that there was enough in the ejectment case to put the plaintiff in error on notice of whatever rights Cowart had with reference to the land in controversy, and she is bound by the decision rendered in the case of *Edenfield* v. *Boyett,* 150 *Ga.* 654 (104 S. E. 641).

8. It was not error on the trial of the case for the court to allow the plaintiff to introduce in evidence a deed of conveyance to the land in controversy from Laun Collins to Thomas Boyett, dated February 6, 1909, recorded May 14, 1909, and a transfer of this deed from Thomas Boyett to H. F. Cowart, the plaintiff, dated May 5, 1919, not recorded, purporting to convey the property in controversy, over the objection that it did not appear from the evidence that Laun Collins had ever been in possession of the land.

No. 3792. JANUARY 18, 1924.

Equitable petition. Before Judge Sheppard. Tattnall superior court. April 18, 1923.

H. F. Cowart brought an equitable petition against D. M. Collins, R. C. Collins, and Mrs. R. C. Collins, and alleged in substance the following: Plaintiff is the owner of a certain tract of land in the 351st district of Tattnall County, containing four acres more or less, the boundaries of which are given, and the land being "the same land which said Thomas Boyett recovered by verdict and decree in Tattnall superior court, July term, 1919, in case of Wealthy Edenfield *v.* Thomas Boyett." Plaintiff is the owner of the rights of Thomas Boyett in the land, and is entitled to the possession thereof. On January 1, 1917, Thomas Boyett was in the quiet and peaceable possession of the land and the buildings thereon; and while he was temporarily away from the property, Wealthy Edenfield, through her husband, E. A. Edenfield, went to the property and in connivance with D. M. Collins, took possession of the

property forcibly and against the will of Thomas Boyett, and has since continued to hold such possession. D. M. Collins, knowing the rights of Thomas Boyett, bought, or pretended to buy, the property from E. A. Edenfield and Mrs. Wealthy Edenfield, and ousted Thomas Boyett "in a high-handed and outrageous manner." R. C. Collins and Mrs. R. C. Collins, knowing the circumstances under which D. M. Collins took possession of the property under the Edenfields, and knowing the right and title of Thomas Boyett in the property, "entered into a deed with D. M. Collins," under the terms of which R. C. Collins and Mrs. R. C. Collins now claim to own the property and are threatening and preparing to move into the houses on the land and take possession of the property, contrary to the rights of Thomas Boyett and plaintiff and without any lawful right or authority; the trial of the above-stated case. having resulted in favor of Thomas Boyett, who had previously to the unlawful ousting above set forth lived upon the premises for a long term of years. There is no right or equity on the part of. R. C. Collins and Mrs. R. C. Collins, nor D. M. Collins, and their efforts to enter into and occupy the premises is contrary to good conscience, law and equity. Plaintiff waives discovery, and prays that he be granted the writ of injunction restraining R. C. Collins and Mrs. R. C. Collins from entering upon, occupying, or interfering with the property, the lands and buildings thereon, and from molesting plaintiff in his rightful possession thereof; that D. M. Collins be likewise enjoined from renting the property, putting any one in possession thereof, or otherwise interfering with the same in any manner; that all of the defendants be restrained from disposing of the property by conveyance, lease, or other contract, and from taking possession thereof; that plaintiff recover from D. M. Collins the rentals of the property since January 1, 1917, of the value of $100 per year; and that the court grant such other and further relief as may seem proper.

This petition was filed on December 27, 1919, and on the same date the trial judge granted a temporary restraining order as prayed. On October 23, 1922, the plaintiff amended his petition, alleging that R. C. Collins and Mrs. R. C. Collins were in possession of the premises described during the years 1918, 1919, and 1920, and are indebted to plaintiff in a reasonable sum for the use of the premises during those years, which is alleged to be $120 a

year. The defendants filed an answer denying the material allegations in the petition, ownership of the land in either Thomas Boyett or in the plaintiff, and right of possession in the plaintiff. Answering specifically, the defendants aver that Mrs. Wealthy Edenfield rented four acres of the land described to D. M. Collins for the year 1897, who took possession thereof as the tenant of Mrs. Edenfield and never returned it to her until about January, 1917. Defendants admit that D. M. Collins bought the property in dispute from Mrs. Wealthy Edenfield on January 29, 1917, and aver that he bought it in good faith and paid therefor the sum of $400 in cash and took a deed thereto from Mrs. Edenfield, who had, at the October term, 1913, of Tattnall superior court gained her case against Thomas Boyett, in which case the same property now in dispute was then involved and passed on by the jury and the court, and a judgment was rendered by the court in favor of Mrs. Edenfield, finding for her the premises in dispute by virtue of the verdict. D. M. Collins had his deed, which was properly witnessed and delivered, recorded on April 2, 1917. It is averred that R. C. Collins and Mrs. R. C. Collins knew the circumstances under which D. M. Collins took possession of the property; that after the trial of the case between Mrs. Edenfield and Thomas Boyett at the October term, 1913, of Tattnall superior court, Thomas Boyett agreed to pay Mrs. Edenfield between $350 and $400 in settlement of the judgment, and she was to make a deed to the lands upon the payment of the money. He never paid the money, and never had any right to the property. On his failure to pay the money as agreed, Edenfield sold and conveyed the land to D. M. Collins; after D. M. Collins bought the land, Mrs. R. C. Collins bought the land from D. M. Collins and paid therefor in a check, which was cashed, the sum of $500, on November 30, 1917. She bought the property in good faith, not knowing that Boyett had any further claim to the property, which was in the quiet and peaceable possession of D. M. Collins, and had been since the date of his purchase to the date of her purchase, the time being over ten months. It is averred that a motion for a new trial was made by Mrs. Edenfield from the verdict and judgment rendered in the case at the July term, 1919, of Tattnall superior court. That motion, at the time of this answer, was pending in the Supreme Court (see *Edenfield* v. *Boyett,* 150 *Ga.* 654, 104 S. E. 641).

Boyett has never been in possession of the property since it was purchased by D. M. Collins; he has no right of possession or of title to any of the property. R. C. Collins and Mrs. Collins moved into the houses on the premises in controversy before they knew of the pending action. Plaintiff never lived on or held possession of the land, and Thomas Boyett has been away from it for about four years and out of possession. The houses built on the land are not placed on the four acres in dispute. Laun Collins and Thomas Boyett had notice, when they were erecting the houses now in question, that Dr. J. J. Kennedy had no claim on the land where they were erecting them; and Kennedy does not now and never has claimed any right or title to the land where the houses were built. Boyett and Laun Collins only claim title to the premises in dispute from Dr. Kennedy; the title to the lands was in Mrs. Wealthy Edenfield before any dispute arose; she is the common grantor of all the lands in question; she has never by act or deed parted with her title except when she made the deed to D. M. Collins. The defendants prayed that the temporary restraining order be dissolved and the prayers of plaintiff denied, and that R. C. and Mrs. R. C. Collins be allowed to remain in possession of the premises, where they had moved before they had any notice of the pending injunction.

Upon motion of counsel, D. M. Collins was stricken as a party defendant, and the case was ordered to proceed against the remaining defendants. The jury returned a verdict for the plaintiff against Mrs. R. C. Collins for the sum of $100 "for the term of three years." The defendant made a motion for new trial, which was overruled, and she excepted.

*W. T. Burkhalter,* for plaintiff in error.

*E. C. Collins,* contra.

HILL, J. (After stating the foregoing facts.)

1. The fourth ground of the amended motion for new trial alleges error in the court's refusal to continue the case in order to procure the testimony of Dr. J. J. Kennedy, who, it was claimed, was a material witness to the issue to be tried, and that he had been subpœnaed, etc., and "I [R. C. Collins] expect to prove by him that the property (the land) the houses are on has never been in dispute; he has never owned that land and has never claimed it. Back yonder, Dr. Kennedy claimed to have bought from Mrs.

Wealthy Edenfield four acres of land, and he sold it to Laun Collins, and Laun Collins to Thomas Boyett, and suit was brought by Mrs. Edenfield against Thomas Boyett, and in building on the land they got across and built on other land. Dr. Kennedy told me before the case ever came up that he never claimed any land outside at all (referring to the outside of the field). My wife (Mrs. R. C. (Roxie) Collins) was not a party to any of that previous litigation at all. She is a party to this litigation. She holds title to the property under a deed at the time these proceedings (plaintiff's pleadings) were instituted." We are of the opinion that the court did not err in overruling the motion for continuance. The record discloses the fact that in the trial of the ejectment case of Mrs. Wealthy Edenfield *v.* Thomas Boyett and J. J. Kennedy, at the July term, 1919, of Tattnall superior court, a verdict and decree were had in favor of the defendants, in which the following language appears: "It is therefore considered, ordered, and decreed that the defendants, Thomas Boyett and J. J. Kennedy, do have and recover of the plaintiff, Wealthy Edenfield, the premises in dispute, to wit, all that tract or parcel of land lying in the 351st district G. M. of Tattnall County, bounded on the south by lands of D. M. Collins, on the east by J. J. Kennedy lands (two acres), formerly owned by J. W. Collins; on the west by lands of Wallace Collins, formerly lands of Wealthy Edenfield, and on the north by lands of Remer Collins, being four (4) acres, more or less, of the premises in dispute, and being the house and lands on which the defendant, Thomas Boyett, resided at the time this suit was brought," etc. It thus appears that Dr. Kennedy, the absent witness, had recovered the identical property which it is claimed that if he were present as a witness he would testify was not embraced in the decree of the court which was rendered in his favor. The trial judge who rendered that decree was the same judge who overruled the motion for a continuance, and is presumed to know of the decree rendered; and the judgment in that case was affirmed by this court in the case of *Edenfield* v. *Boyett,* 150 *Ga.* 654 (supra). Besides, the witness, R. C. Collins, testified, on the motion for continuance, that "this verdict is the verdict in the case to the same land." But it is insisted that the present plaintiff in error was no party to the previous litigation and was bound by no decision rendered therein. The Civil Code (1910), § 4533,

provides that "Decrees ordinarily bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." *Marshall* v. *Whatley,* 136 *Ga.* 805 (72 S. E. 244, 36 L. R. A. (N. S.) 552); *Parker* v. *Crosby,* 150 *Ga.* 1 (2) (102 S. E. 446). It appears from the evidence of this same witness, Collins, that Mrs. R. C. Collins bought the land in controversy from D. M. Collins pending the suit above referred to. She is therefore chargeable with notice of the pending litigation with reference to the land in controversy. In view of the entire testimony of the witness Collins, on the motion to continue, the court did not err in refusing the continuance.

2. Error is assigned in the 5th ground of the motion for new trial, because on the trial counsel for H. F. Cowart offered an order to make R. C. Collins, the administrator of the estate of D. M. Collins, deceased, a party to the case. The court refused to grant the order and dismissed D. M. Collins, the predecessor in title to movant, from the case. The court refused also to dismiss the case because the administrator of D. M. Collins, and Mrs. Edenfield, were not made parties. We are of the opinion that the court did not err in refusing to dismiss the case for the reasons assigned. The title to the land in controversy had been decreed to be in Boyett, under whom Cowart held title, and the result of that adjudication was that neither Mrs. Edenfield nor D. M. Collins, who were parties to the ejectment suit, had title to the land in controversy. Therefore it was unnecessary to make the one, and the administrator of the other, parties to the case. *Edenfield* v. *Boyett,* supra.

3. On the trial of the case counsel for plaintiff introduced in evidence the decree of the court in the ejectment case of Wealthy Edenfield *v.* Thomas Boyett and Dr. J. J. Kennedy, which involved the title to the land in controversy, counsel stating that the verdict and decree were offered for the purpose of showing that the land now in dispute was recovered by Thomas Boyett against Mrs. Edenfield, she being also the predecessor in title of the defendant, Mrs. R. C. Collins. It was not error to allow the decree in evidence for the reason assigned, that neither R. C. Collins nor Mrs. R. C.

Collins was a party in that suit, and that the plaintiff in error is not bound by any judgment or decree rendered in the case to which she is not a party. Nor was the decree inadmissible for the further reason that Mrs. Edenfield is not a party to the present case. Mrs. Edenfield was a party to that case, and she and her privies in title are bound by it, and the pendency of that suit was notice to Mrs. Collins and the whole world of the subject-matter of the suit, which was the title to the land in controversy here; and if she bought the land in controversy pending the suit, she took it with notice of whatever issues there were in that case.

4. The 8th ground of the motion for new trial complains that the court erred in failing to allow the administrator of D. M. Collins, and Mrs. Edenfield, the right to be made parties to the suit and to "plead and prove the fraud of H. F. Cowart, the plaintiff in the above-stated case, perpetrated on the said Mrs. Wealthy Edenfield by his failing to disclose his interest to the premises in dispute in the last trial of the ejectment case, thus denying Mrs. Edenfield the right to secure a fair and impartial jury to try her case. It is insisted that she tried her case against Thomas Boyett and Dr. J. J. Kennedy, when in fact at that time neither of them had any direct interest in the case except Dr. Kennedy on his warranty to Thomas Boyett, who had transferred his interest in the land in controversy to H. F. Cowart about one year and a half before the trial of the case, and who had in writing transferred his interest and title to Cowart on May 5, 1919, before the last trial on July 7, 1919, and which transfer of the deed is not yet recorded." It is insisted that the failure of the defendants in the ejectment case, and H. F. Cowart, to disclose his title, interest, and ownership, perpetrated a fraud on movant, in that Mrs. Edenfield was denied the right to defend the title she conveyed to the premises in controversy on her warranty to D. M. Collins and to the movant. We are of the opinion that the court did not err in the ruling complained of. The judgment in the Edenfield case, supra, cannot be collaterally attacked in the manner in which it is proposed by the plaintiff in error. That judgment is binding and conclusive on all the parties to that case and on all parties who had notice of it, either actual or constructive. This being so, it was not competent for the court to allow Mrs. Edenfield, and the

administrator of D. M. Collins, to be made parties for the purposes set out in this ground of the motion for new trial.

5. Ground thirteen of the motion for new trial recites the fact that counsel for plaintiff moved the court to strike the name of R. C. Collins, one of the defendants, from the case. The court granted this order and left Mrs. R. C. Collins as the only remaining defendant in the case. Then counsel for the plaintiff moved the court to direct a verdict for the plaintiff as to all issues except as to the amount of the rent. The court sustained the motion and directed a verdict for the plaintiff, and submitted to the jury only the question of the value of the rent. Error is assigned on this ruling, for the following reasons: "Because under the undisputed evidence in the case the verdict and judgment were contrary to the testimony of H. F. Cowart, the plaintiff, who testified: 'D. M. Collins owned the land, as I remember, at the time I bought it from Thomas Boyett.' The witness on cross further testified: 'I didn't go to the occupant of the premises before I bought it (the land) and inquire by what authority they were living there. As to whether Mr. Boyett put me on notice, he was not in the physical possession of the property at the time I bought it from him. I knew it. I knew he was not in the possession of it. As to whether I knew before I bought it that Mr. D. M. Collins had sold the property to Mrs. R. C. Collins, well I may have and I may not, I won't answer as to that. I knew it only by hearsay, I haven't seen the papers.'" It is insisted that the above evidence testified to by the plaintiff himself put him on notice of whatever right, title, or interest the defendant, Mrs. R. C. Collins, had in and to the premises in dispute; that the plaintiff did not get a good title to the premises, and hence was not entitled to recover the same by a verdict directed, and the rents, etc., leaving only the value of the rent to be determined by the jury. "Movant contends the court erred in directing the verdict." Whatever may have been the views of the plaintiff as to who was in possession of the land and who owned it, this court, in *Edenfield* v. *Boyett,* supra, affirmed the judgment of the lower court upholding the verdict of the jury finding that the title to the land was in Boyett. That decision has not been reversed or overruled. D. M. Collins, under whom the movant here, Mrs. R. C. Collins, holds, was a party to that case, and he and his privies in estate are bound by it. And this is so notwithstand-

ing the insistence that the plaintiff in error purchased the land in good faith for a valuable consideration of $500, paid without any notice that Thomas Boyett had any interest or claim to the land; and that there were no pleadings in the ejectment case to charge her with any notice of any rights of the defendants, Thomas Boyett and Dr. J. J. Kennedy, to the premises in dispute. As already observed, the pendency of the suit of *Edenfield* v. *Boyett* was notice to the world of all the issues made in that case, and the result of that suit would bind all those having notice of the rights of Boyett and Cowart, the defendant in error here. We are therefore of the opinion that the court below did not err in directing the verdict.

7. It is recited in ground 18 of the motion for new trial, that, "upon the announcement of the plaintiff and the defendants in the present case, counsel for the defendants stated to the court that the defendants had brought their petition including the name of their warrantor, Mrs. Wealthy Edenfield, of Emanuel County, in which petition they made many allegations for injunction and enjoining the plaintiff from proceeding with his action for rent against the defendants, and in which petition so brought by the defendants they prayed the court to consolidate their petition with the petition of the plaintiff for rent, so that the title set up by the defendants in an answer to plaintiff's cause of action, and in their petition also including all other rights they alleged and prayed for, could be considered by the court, and all rights existing between the plaintiff and the defendants, and their common grantor, Mrs. Wealthy Edenfield, could be adjudicated in one trial." The court overruled the motion to consolidate the two cases, and error is assigned on such ruling. The court did not err in refusing to allow the two cases consolidated. Whatever rights Mrs. Edenfield had in the land had been adjudicated by the courts, and the court was right in not allowing, by consolidation of the cases, that matter to be gone into again.

Other headnotes need no elaboration. None of the assignments of error require a new trial.

*Judgment affirmed. All the Justices concur, except Hines, J., disqualified.*

RUSSELL, C. J., concurs dubitante.