## WALKER et al. v. HOUSTON.

No. 9209. APRIL 14, 1933.

*S. Thomas Memory, A. J. Tuten,* and *Homer L. Causey,* for plaintiffs in error.

*S. F. Memory,* contra.

BELL, J. This case involved the question of notice by lis pendens. G. W. Houston brought an equitable petition against M. W. Walker and others, for the purpose of subjecting certain real estate situated in Bacon County to a common-law execution obtained by the plaintiff against Eva Crosby and another, the property having been conveyed by Eva Crosby of Bacon County, to Mary J. Crosby, of Pierce County, and later sold and conveyed by Mary J. Crosby to E. Z. Hurst. E. Z. Hurst thereafter reconveyed the property to Mary J. Crosby to secure an indebtedness, and this deed with the security was sold and transferred to M. W. Walker. It appeared from the plaintiff's petition and the evidence, that, after having the execution recorded on the general execution dockets in Bacon and Pierce Counties respectively, the plaintiff brought a suit in Pierce County against Eva Crosby as grantor and Mary J. Crosby as grantee, to cancel the deed from the former to the latter, as having been made to defraud the plaintiff as a creditor; and that the suit to cancel such deed resulted in a verdict and judgment in favor of the plaintiff. It was during the pendency of that litigation that Mary J. Crosby sold and conveyed the property to E. Z. Hurst, and that all of the later transactions occurred. Upon the trial of the present case the court directed a verdict in favor of the plaintiff. The defendants moved for a new trial upon the general grounds only; and this being refused, they

excepted. The plaintiff contended that the pendency of the prior suit as duly filed and docketed in Pierce County, to cancel the deed made by Eva Crosby to Mary J. Crosby, who resided in that county, was sufficient constructive notice of the plaintiff's claim against the property, although the property was real estate and was situated in Bacon County. The defendants contended that the property was acquired for value by Hurst and Walker respectively, after an examination of the public records in the county in which the property was situated, and without actual knowledge or notice of the suit in Pierce County. They further contended that the pendency of that suit did not constitute notice of the plaintiff's claim; and that, since an examination of the records in Bacon County failed to show that any lien was existing against the property at the time of the conveyance from Eva Crosby to Mary J. Crosby, the verdict in the plaintiff's favor was contrary to the evidence and to law. There was no assignment of error upon the direction of the verdict in the plaintiff's favor. Dates and other facts might be given, but the above is a sufficient statement. The sole question to be determined is whether the suit to cancel the deed, as filed and docketed in Pierce County, constituted constructive notice of the plaintiff's claim against the property as to those who purchased during the pendency of that litigation, the same having terminated favorably to the plaintiff.

"Decrees ordinarily bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." Civil Code (1910), § 4533. The suit for cancellation was properly brought against both the grantor and the grantee in Pierce County, it being the right of the plaintiff to bring the suit in the county in which either of them resided. *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694) ; *Jennings* v. *Marlin,* 160 *Ga.* 74 (2) (127 S. E. 277). "The rule of lis pendens applies to a creditor's suit to set aside a fraudulent conveyance made to defeat the creditor; so that the purchasers or other persons acquiring interests therein pendente lite take title subject to the decree." *Coleman* v. *Law,* 170 *Ga.* 906 (3) (154 S. E. 445). See also *Collins* v. *Cowart,* 157 *Ga.* 333 (121 S. E. 321) ; *Bennett* v. *Stokey,* 164 *Ga.* 694 (139 S. E. 346).

"To the existence of a valid and effective lis pendens, it is essential that three elements be present; that is, three material facts must concur: the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings. Where any one of these essentials is wanting, there is no valid lis pendens, no res litigiosa. 13 Am. & Eng. Enc. L. 877, and authorities cited. The litigation must be about some specific thing which must necessarily be affected by the termination of the suit, and the description of the particular property involved in the suit must be so definite that any one reading it can learn thereby what property is intended to be made the subject of litigation. Houston v. Timmerman, 4 L. R. A. 716. The underlying, if not the sole, object of the maxim pendente lite nihil innovetur is to keep the subject of the suit or res within the power of the court until the judgment or decree shall be entered, and thus to make it possible for courts of justice to give effect to their judgments and decrees. 13 Am. & Eng. Enc. L. 870, and authorities cited in support of the text. If the rule were otherwise, by successive alienations pending the litigation, the judgment or decree of the court could be rendered abortive, and thus make it impossible for the court to execute its judgment or decree." *Moody* v. *Millen*, 103 *Ga.* 452, 453 (30 S. E. 258).

At the time Mary J. Crosby of Pierce County proposed to convey the property now in question, there was filed and docketed against her in that county a valid suit in which her claim of title was being attacked. By ascertaining the fact that she resided in Pierce County and by inspecting the dockets and files of the superior court of that county, any person could have discovered the existence and character of the plaintiff's claim. Under the law this was a necessary precaution; and this is true notwithstanding the property was located in a different county. In *Marshall* v. *Whatley*, 136 *Ga.* 805 (72 S. E. 244, 36 L. R. A. (N. S.) 552), this court held as follows: "A suit for specific performance of a contract for the sale of land is notice of the claim that the plaintiff sets up therein, from the time it is commenced and docketed; and if duly prosecuted and not collusive, one purchasing the land pending the suit is affected by the final decree rendered therein, though the suit is in a county other than the one in which the land is

located." Under the facts appearing in the present case, no essential element of a valid notice by lis pendens was lacking. The evidence authorized the verdict, and the court did not err in refusing a new trial. The decisions in *Mims* v. *West,* 38 *Ga.* 18ˈ (95 Am. D. 379), and *Harvey* v. *Sanders,* 107 *Ga.* 740 (33 S. E. 713), having reference to negotiable instruments and the registry laws respectively, are not in point.

<div align="center">

*Judgment affirmed. All the Justices concur.*