57924. BERGER et al. v. SHEA et al.

BIRDSONG, Judge.

This is an action for disparagement of title arising out of filing a notice on the lis pendens docket in DeKalb County. The lis pendens notice pertains to realty of which appellants were part owners. The appellees were granted judgment on the pleadings and appellants have appealed. The complaint alleged that appellee Spindel through her attorneys, who are her co-defendants in this suit, filed a complaint to set aside as fraudulent a conveyance of an interest in this real property to a third party, one of plaintiff's co-owners; and that a lis pendens notice was filed against the real property involved in the suit to set aside the fraudulent conveyance. The complaint further alleged that the property was subject to a substantial indebtedness on which appellants and the co-owners had defaulted, that appellants found a purchaser for the property who had agreed to "cure" all outstanding debts against the property subject to the condition that the lis pendens would have to be removed; that appellees refused

the request of appellants to remove the lis pendens, foreclosure followed and appellants suffered a substantial monetary loss. In answering the complaint, appellees pleaded the defense of privilege. *Held:*

The complaint alleged that appellee Spindel sought in her separate suit to set aside a fraudulent conveyance of real property. Therefore, real property was involved and the filing of a lis pendens notice was proper. Code § 67-2802; see *Hill v. L/A Mgt. Corp.*, 234 Ga. 341 (216 SE2d 97). Code § 105-1411 provides: "The owner of any estate in lands may maintain an action for libelous or slanderous words falsely and maliciously impugning his title, if any damage shall have accrued to him therefrom." However, this tort is subject to the defense of privilege as codified in Code § 105-711. This statute provides: "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous." Here the appellants have not attacked the underlying suit to set aside the fraudulent conveyance but have carved out a claim for damages arising out of the lis pendens notice of the underlying claim. Apparently no Georgia case has specifically considered the question of whether the defense of privilege extends to the lis pendens notice. In Albertson v. Raboff, 46 Cal2d 375 (295 P2d 405, 408, 409), the Supreme Court of California in extending the privilege to a lis pendens notice had this to say: "Since 'the effect of a *lis pendens* is to give constructive notice of all the facts apparent upon the face of the pleadings, and of those other facts of which the facts so stated necessarily put a purchaser on inquiry. . .' [cit.], the recordation of a notice of *lis pendens* is in effect a republication of the pleadings. The disparagement of title arises, therefore, from the recordation of the notice of *lis pendens* as well as from the pleadings. The publication of the pleadings is unquestionably clothed with absolute privilege, and we have concluded that the republication thereof by recording a notice of *lis pendens* is similarly privileged... It would be anomalous to hold that a litigant is privileged to make a publication necessary to bring an action but

that he can be sued for defamation if he lets any one know he has brought it,... particularly when he is expressly authorized by statute to let all the world know that he has brought it." See Zamarello v. Yale, 514 P2d 228 (Alaska, 1973); Kelly v. Perry, 111 Ariz. 382 (531 P2d 139) (1975); Houska v. Frederick, 447 SW2d 514 (Mo., 1969); Kropp v. Prather, 526 SW2d 283 (Tex. Civ. App. 1975) which have all reached the same conclusion. We likewise adopt this approach and hold that the defense of privilege bars this claim. The trial court therefore correctly granted appellees a judgment on the pleadings.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JUNE 11, 1979 — DECIDED JUNE 28, 1979 — REHEARING DENIED JULY 18, 1979.

*Morton, Humphries, Payne & Rachelson, Ira Rachelson,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Herbert D. Shellhouse,* for appellees.