## 39171. SCROGGINS v. EDMONDSON et al.

BELL, Justice.

This appeal seeks to reverse an order cancelling of record a notice of lis pendens. Appellant Scroggins, trustee in bankruptcy of Kaleidoscope, Inc., sued appellee Susan Edmondson and other defendants. Scroggins alleged that Edmondson had been an officer, director, and stockholder of Kaleidoscope, and that she had secured an extension of credit for Kaleidoscope by granting a supplier a deed to secure debt on certain real property she owned. He further claimed that subsequently, with knowledge that Kaleidoscope was insolvent, she had fraudulently used her corporate position to cause Kaleidoscope to repay the secured indebtedness in preference to other corporate debts, and had thus personally benefited by extinguishing the security deed on her property. On the basis of this fraudulent transfer Scroggins sought, inter alia, to impose a trust or lien on the real property, and filed a notice of lis pendens based on that claim. He also petitioned for an interlocutory injunction to restrain her from disposing of the property. The injunction was denied February 24, 1981. The following year Edmondson filed a motion styled as a "motion for clarification" of the 1981 order. This motion, which was in substance a motion for cancellation of the notice of lis pendens, was granted July 8, 1982.

1) The threshold issue is the appealability of the July 8, 1982 order. It is the duty of this court to raise the question of jurisdiction on its own motion whenever there may be any doubt as to its existence. *Woodside v. City of Atlanta,* 214 Ga. 75 (1) (103 SE2d 108) (1958). The record shows that prior to this appeal both parties were aware that there might be some doubt as to the appealability of this order. Appellant sought a Code Ann. § 6-701 (a) 2 (A) certificate of immediate review, which was refused. Appellee sought a Code Ann. § 81A-154 (b) certificate of finality; the trial court apparently attempted to grant this certificate, but did not succeed in doing so. See Division 1 (a), infra. Notwithstanding their awareness that the order might not be appealable, they did not bring the matter to this court's attention. It is axiomatic that parties cannot confer jurisdiction by consent, and therefore we will proceed to consider this issue.

a) The order is not appealable pursuant to Code Ann. § 81A-154 (b), because there is no certificate of finality required by that statute. While it is true that the trial court ruled that his order should "be deemed a final judgment," this was no more than a direction of entry of final judgment; absent an express determination of no just reason for delay of appeal, his statement cannot be considered a Code Ann. §

81A-154 (b) certificate. Davis v. National Mtg. Corp., 320 F2d 90 (2d Cir. 1963).

b) Appellant has suggested that the order can be treated as a grant of partial summary judgment, and is therefore appealable pursuant to Code Ann. § 81A-156 (h). We do not agree. A motion to cancel a notice of lis pendens does not in and of itself constitute a motion for summary judgment, because it does not go to the merits of the case. See 54 CJS Lis Pendens, § 37 (g). Cf. *Hines v. Hines,* 237 Ga. 755 (229 SE2d 744) (1976) (application for contempt is ancillary to primary action; since it is not a pleading, it is necessarily a motion). Moreover, a motion for summary judgment of a motion to cancel would have been an unauthorized and unnecessary complication of the litigation process, since the same purpose was served by simply appearing and going forward in support of the motion. Cf. *Howland v. Weeks,* 133 Ga. App. 843 (1) (212 SE2d 487) (1975) (motion to dismiss a motion is unauthorized by CPA, same purpose being accomplished by opposing the motion). But see *Kenner v. Fields,* 217 Ga. 745 (125 SE2d 44) (1962).[1] The July 8, 1982 hearing was clearly nothing more than a hearing of the motion to cancel.

c) With respect to the provisions of Code Ann. § 6-701(a), it is undisputed that no certificate of immediate review under Code Ann. § 6-701 (a) (2) (A) has been granted, compare *Hill v. L/A Management Corp.,* 234 Ga. 341 (216 SE2d 97) (1975) (trial court certified for immediate review an order cancelling notice of lis pendens), nor does the appeal fall within any of the exceptions enumerated in Code Ann. § 6-701 (a) 3. But consideration of whether the order is "final" within the meaning of Code Ann. § 6-701 (a) 1 requires more attention. Under our traditional analysis the order would not be final, since the underlying action remains pending in the court below. However, this court has recently adopted the "collateral order" exception to the final judgment rule announced in Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541 (69 SC 1221, 93 LE 1528) (1949), with respect to denials of pleas of double jeopardy. *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982). In *Patterson,* id., a criminal defendant sought to directly appeal an order denying his plea of double jeopardy. We looked at Abney v. United States, 431 U. S. 651 (97A SC 2034, 52 LE2d 651) (1977), and found that the U. S.

---

[1] *Kenner* was a suit seeking recovery of damages allegedly arising from the filing of a notice of lis pendens in connection with separate suits, as well as seeking cancellation of that notice. The trial court granted partial summary judgment on the motion to cancel, which was directly appealed. The cancellation was affirmed without discussion of the appealability or the characterization of the order. To the extent that *Kenner* suggests a result contrary to our decision today, it is disapproved.

Supreme Court in that case had "provided compelling reasons why a broader construction is appropriate where the order appealed from is one denying a plea of double jeopardy," *Patterson,* supra, at 877, and we held that an order denying a plea of double jeopardy is appealable under Code Ann. § 6-701.

There is no reason to confine application of the Cohen doctrine to appeals of denials of pleas of double jeopardy, or for that matter to criminal cases.[2] Those federal courts which have considered the question have held that orders granting motions to cancel lis pendens notices are appealable, Chrysler Corp. v. Fedders Corp., 670 F2d 1316, 1318 n. 2 (3d Cir. 1982); Suess v. Stapp, 407 F2d 662 (7th Cir. 1969), and we find their reasoning persuasive.

First, once a notice of lis pendens is cancelled, "[f]rom a practical viewpoint, nothing further in the basic suit can affect the validity of the notice," *Suess,* supra, at 663, and nothing with respect to the question of cancellation is left "open, unfinished or inconclusive," Cohen, supra, at 337 U. S. at 546 (69 SC at 1226). Second, there can be no dispute that cancellation of the notice is substantially separate from the basic issues presented in the complaint. Suess, supra, at 663; Chrysler Corp., supra at 1318 n. 2. Finally, an important right might be lost if review had to await final judgment because the realty might be sold before conclusion of the action, making cancellation "effectively unreviewable on appeal." Chrysler Corp., id. Therefore, it is clear that a pretrial order granting a motion to cancel a notice of lis pendens falls "within the 'small class of cases' that Cohen has placed beyond the confines of the final-judgment rule." Abney, 431 U. S. at 659 (97A SC at 2040), and we hold that such orders are directly appealable.

2) Having so ruled, we turn to consideration of the order. Although it contains no findings or conclusions in support of the cancellation of Scroggins' lis pendens notice, the transcript of the hearing on the motion shows that the trial court concluded that the property was not involved in the suit. We do not agree.

" 'To the existence of a valid and effective lis pendens, it is essential that three elements be present; that is, three material facts must concur; the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings.' " *Walker v. Houston,* 176 Ga. 878, 880

---

[2] The U. S. Supreme Court noted in Abney, that "[o]f course, *Cohen's* collateral-order exception is equally applicable in both civil and criminal proceedings." Abney, 431 U. S. at 659 (97A SC at 2040), n. 4.

(169 SE 107) (1933). Further, the real property must be "involved" in the suit within the meaning of Code Ann. § 67-2801, i.e., it must be property which is "actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." *Kenner v. Fields,* supra, at 747. Here, appellee's contention that her real property is not involved in the suit is without merit, since if appellant ultimately prevails in the part of his suit under consideration, a trust or lien will be imposed on the property specifically described in his complaint.

Although Edmondson also argues the merits of appellant's claim, this argument is misplaced. Under Code Ann. Ch. 67-28 a motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim, see 54 CJS Lis Pendens, § 37 (g); see generally *Berger v. Shea,* 150 Ga. App. 812, 813 (258 SE2d 621) (1979);[3] inquiries of that sort are reserved for a motion for summary judgment, a remedy Edmondson remains free to pursue, Polk v. Schwartz, 399 A2d 1001 (N. J. Super. Ct. App. Div. 1979).

The trial court erred in granting the motion to cancel.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 30, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Hicks, Maloof & Campbell, Robert E. Hicks, Robert A. Bartlett, Steven K. Bender,* for appellant.

*Trotter, Bondurant, Miller & Hishon, Emmet J. Bondurant II, H. Lamar Mixson, Lamon, Elrod & Harkleroad, Philip S. Coe, Donald R. Harkleroad, Dodd, Driver, Connell & Hughes, Randall L. Hughes, Charles E. Kuntz, Webb, Daniel & Betts, Paul Webb, Jr., Harold T. Daniel, Jr., Fred Gilbert, John Matteson, Decker, Cooper & Hallman, Richard Paul Decker,* for appellees.

---

[3] *Berger* was a suit for disparagement of title. There, in holding that notices of lis pendens were absolutely privileged from suit, the Court of Appeals observed that "[t]he complaint alleged that appellee Spindel sought in her separate suit to set aside a fraudulent conveyance of real property. Therefore, real property was involved and the filing of a lis pendens notice was proper . . . Here, the appellants have not attacked the underlying suit to set aside the fraudulent conveyance. . . ." *Berger,* id., at 813.