43142. JAY JENKINS COMPANY et al. v. FINANCIAL
PLANNING DYNAMICS, INC. et al.

(343 SE2d 487)

MARSHALL, Chief Justice.

Appellees-plaintiffs have filed in the Cobb Superior Court what is in substance a motion to cancel a notice of lis pendens with respect to three tracts located in Cobb County. The notice of lis pendens was filed by the appellants-defendants in the Cobb Superior Court in connection with a suit they are prosecuting against appellees in the Fulton Superior Court. As in *Scroggins v. Edmondson,* 250 Ga. 430 (297 SE2d 469) (1982), we must determine whether the grant of the motion to cancel the notice of lis pendens constituted an unauthorized and premature decision of the underlying case on its merits. For reasons which follow, we hold that the superior court was authorized to cancel the notice of lis pendens with respect to one of the subject properties but not with respect to the others.

Appellants are the Jay Jenkins Company and Valley Brook Company. Appellees are John W. Currie, Jr., Richard A. Currie and Financial Planning Dynamics, Inc.

In the Fulton Superior Court suit, appellants allege that they were partners with appellees in three joint-venture real-estate development projects: (1) Valley Brook/Summer Trace, (2) Blakeford, and (3) Olde Towne. Appellants argue, in essence, that the joint-venture agreements have been breached by appellees, and appellants request, among other things, that the properties be impressed with constructive trusts and that they be awarded damages.

In the present suit in the Cobb Superior Court, appellants have

---

filed a notice of lis pendens with respect to the subject properties. Appellees filed a caveat in the same court for cancellation of the lis pendens notice. They cite OCGA § 44-2-134 as authorizing such a caveat. The superior court has sustained the caveat. This appeal follows.

(a) The Valley Brook/Summer Trace project was the subject of a written joint-venture agreement between the Valley Brook Company and Financial Planning Dynamics, Inc. Richard Currie is sole shareholder of Financial Planning. Although Jay Jenkins was sole shareholder of Valley Brook, he has transferred all of his Valley Brook stock to Financial Planning. Jenkins argues that this conveyance was made in order to enable Financial Planning to obtain financing for the property, and he thus maintains that the conveyance was intended to be "in trust" with Jenkins retaining the beneficial interest in Valley Brook.

However, Jenkins' argument is belied by Valley Brook's corporate minutes, which show that the Valley Brook stock was sold by Jenkins pursuant to a $4,500 tender offer from Richard Currie. In addition, appellees have submitted a document purporting to be a $4,500 tender offer by Financial Dynamics for the purchase of the Valley Brook stock. This document is signed by Richard Currie and Jay Jenkins. However, Jenkins denies that this is in fact his signature appearing on the tender offer, and he has presented the affidavit of a handwriting expert who states that, based on his examination of other handwriting exemplars of Jay Jenkins, in his opinion the signature on this tender-offer document is not that of Jay Jenkins.

(b) The Blakeford project was the subject of a written joint-venture agreement between the Jay Jenkins Company and Financial Planning. Subsequently, the Jay Jenkins Company conveyed its interest to Financial Planning through a recorded deed.

Jenkins contends that this transfer was also intended to be "in trust." Appellees contend that transfer of Jenkins' interest in the Blakeford project, as well as the Valley Brook stock, was not "in trust" and occurred because of financial problems experienced by Jenkins. Appellee's argument in this regard is supported by evidence submitted by them showing hundreds of thousands of dollars in uncollected judgments against Jay Jenkins.

(c) The Olde Towne project was purchased by the Curries from Equity Participation Company, which was owned by Jay Jenkins. The property was conveyed by warranty deed. Jenkins argues that this project was the subject of an oral joint-venture agreement.

(d) The superior court found and concluded as follows:

"Neither Jay Jenkins nor the Jay Jenkins Company [has] any claim to any ownership interest in Valley Brook/Summer Trace, Olde Towne, or the Blakeford property which would entitle them to file a

Lis Pendens Notice under Georgia law. Even if they were to prevail in the underlying Fulton County lawsuit, they would at most be entitled to recover money damages and/or a reconveyance of the Valley Brook Company stock. Thus, the dispute in question does not involve title to real property and cannot, therefore, support the Lis Pendens Notice. See *Evans v. Fulton Nat. Mtg. Corp.*, 168 Ga. App. 600 [(309 SE2d 884)] (1983); *Hill v. L/A Mgt. Corp.*, 234 Ga. 341 [(216 SE2d 97)] (1975).

"While respondent Valley Brook Company or its assignees do appear to have an ownership interest in some of the real property at issue, it has been admitted that whatever stock of that Company was formerly held by Jay Jenkins has been previously transferred to one or more of the caveators. Unless and until Jay Jenkins or those claiming through him shall ever recover ownership of said stock, he has no authority to act for Valley Brook Company and the attempt to file the subject Lis Pendens Notice in the name of said company was a nullity." *Held*:

1. Under the Lis Pendens Statute, notice of lis pendens may be recorded only as to suits in which real property is "involved." OCGA § 44-14-610; *Hill v. L/A Mgt. Corp*, supra. "In *Kenner v. Fields* [217 Ga. 745 (125 SE2d 44) (1962)], the court said: 'The word "involved" as used in such Act refers only to the realty actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property.' " *Hill*, supra, 234 Ga. at p. 342. "A classic example of such a suit is one which seeks to have a prior conveyance of the property set aside or declared null and void. *Wilson v. Blake Perry Realty Co.*, 219 Ga. 57 (131 SE2d 555) (1963)." *Evans v. Fulton Nat. Mtg. Corp.*, supra, 168 Ga. App. at p. 601.

2. In Georgia, there is no specific statutory authorization for the filing of a motion to cancel a notice of lis pendens.

OCGA § 44-2-134, relied on by appellees here, was enacted as § 60 of the Land Registration Act of 1917, also known as the Torrens Act. *Rock Run Iron Co. v. Miller*, 156 Ga. 136 (3) (118 SE 670) (1923); Ga. Real Est. Law, § 24-1 et seq. (2nd ed.). A proceeding under the Land Registration Act is a "special statutory proceeding." Ga. Real Est. Law, supra, § 24-9. OCGA § 44-2-134 was intended to provide a summary remedy where a party, aggrieved by someone else's making an application for registration of title to lands under the Land Registration Act, files a caveat within 12 months of the making of the "entry, registration, or notation . . . upon the title register." OCGA § 44-2-134 (a), supra; *Rock Run Iron Co. v. Miller*, supra. It can thus be seen that a motion to cancel a notice of lis pendens is not properly classifiable as a caveat under § 60 of the Land Registration Act.

3. It has been said that, generally, cancellation of notices of lis

pendens may be obtained only pursuant to statutory provisions. 54 CJS 608, Lis Pendens, § 37 (f). Although, as previously stated, there is no such statutory provision in Georgia, motions to cancel notices of lis pendens have been entertained.

In *Scroggins v. Edmondson*, supra, we held that although such a motion "does not in and of itself constitute a motion for summary judgment," 250 Ga. at p. 431, such a motion is appealable under the "collateral order" exception to the "final judgment" rule announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U. S. 541 (69 SC 1221, 93 LE 1528) (1949). In *Scroggins*, we reversed the superior court's grant of a motion to cancel a notice of lis pendens, holding that the contention that the subject real property was not "involved" in the suit was without merit, since, if the plaintiff ultimately prevailed in the part of the suit under consideration there, a trust or lien would be imposed on the property. In so holding, we observed that "a motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim, see 54 CJS Lis Pendens, § 37 (g); see generally *Berger v. Shea*, 150 Ga. App. 812, 813 (258 SE2d 621) (1979); inquiries of that sort are reserved for a motion for summary judgment . . . , *Polk v. Schwartz*, 399 A2d 1001 (N.J. Super. Ct. App. Div. 1979)." 250 Ga. at p. 433.

4. (a) In this case, we do agree that, since Jenkins is no longer owner of the Valley Brook stock, he has no authority to act for Valley Brook in an attempt to file a notice of lis pendens in the name of that company. Therefore, the order of the superior court is affirmed to the extent that it directs that there be a cancellation of the notice of lis pendens with respect to the Valley Brook/Summer Trace tract.

(b) However, as to the Blakeford and Olde Towne tracts, appellants in this case contend that they were joint-venturers with appellees in those real-estate development projects; that properties titled in them were conveyed to appellees in order to enable them to obtain financing on the properties; and that appellees have breached the joint-venture agreements, which entitled appellants to share in the ventures' profits. Consequently, appellants request that the properties be impressed with trusts and that they be awarded damages.

Under these circumstances, it cannot be said that, as a matter of law, appellants would not be entitled to have trusts impressed on these properties. See *Williams v. Whitfield*, 242 Ga. 639 (250 SE2d 486) (1978) and cits.

This case differs from *Hill v. L/A Mgt. Corp.*, supra, wherein plaintiff was seeking a limited-partnership interest in a real-estate development project. There, it was held that plaintiff was not entitled to file a notice of lis pendens with respect to one of the project's properties, in that a limited-partnership interest is personalty and not realty.

Therefore, at this stage in the litigation, it cannot be said that the Blakeford and Olde Towne tracts are not "involved" in the Fulton County litigation.

5. Finally, it should be noted that in some states there are statutes that do authorize cancellation of a lis pendens notice, in the trial court's discretion, where plaintiff's success on the merits of the suit appears doubtful, unless plaintiff continues the notice by giving security set by the court to indemnify defendant for any damage he might incur if the notice were not cancelled. 54 CJS 608, supra, § 37 (g). In Georgia, we have no such statute.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 29, 1986.

*O. Jackson Cook*, for appellants.

*Hansell & Post, Samuel W. Wethers, Donald A. Loft, Moore & Rogers, John Howard Moore*, for appellees.