S95A2009. MOORE v. BANK OF FITZGERALD.
S95A2010. MOORE et al. v. BANK OF FITZGERALD et al.
(465 SE2d 445)

CARLEY, Justice.

In connection with loans from appellee Bank of Fitzgerald (Bank), appellants Pettice, Edna and Sharon Moore executed security deeds to certain real property. By these security deeds, the Bank, as grantee, was given the power of sale in the event of appellants' default. When appellants did default, the Bank foreclosed and executed deeds under its power of sale. Thereafter, appellants brought suit against the Bank and, alleging that the foreclosures were unlawful, they sought damages or, in the alternative, cancellation of the deeds under power. Appellants also filed notices of lis pendens which the Bank moved to cancel. After conducting a hearing, the trial court granted the Bank's motion to cancel appellants' notices of lis pendens and it is from that directly appealable collateral order that this appeal is taken. *Scroggins v. Edmondson,* 250 Ga. 430 (1) (297 SE2d 469) (1982).

Under OCGA § 44-14-610, a notice of lis pendens is authorized only as to a suit in which real property is "involved." This "refers only to the realty actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." *Kenner v. Fields,* 217 Ga. 745, 747 (125 SE2d 44) (1962), overruled on other grounds. *Scroggins v. Edmondson,* supra at 431, fn. 1.

" 'A classic example of such a suit is one which seeks to have a prior conveyance of the property set aside or declared null and void. [Cit.]' [Cit.]" *Jay Jenkins Co. v. Financial Planning Dynamics,* 256 Ga. 39, 41 (1) (343 SE2d 487) (1986). Here, appellants do seek cancellation of the Bank's deeds under power. See *Curl v. First Fed. Sav. &c. Assn. of Gainesville,* 243 Ga. 842, 843 (2) (257 SE2d 264) (1979);

*Hall v. Robinson*, 165 Ga. App. 410 (300 SE2d 521) (1983). Appellants are authorized to pursue that form of equitable relief, since they are the grantors of the security deeds pursuant to which the Bank executed the deeds under power. *Burgess v. Simmons*, 207 Ga. 291 (3) (61 SE2d 410) (1950). Thus, appellants' wrongful foreclosure claims are "classic examples" of suits in which real property is "involved" within the meaning of OCGA § 44-14-610.

The Bank contends that the grant of its motion to cancel appellants' notices of lis pendens was correct under an estoppel theory. However, estoppel would be an affirmative defense to appellants' claims for cancellation of the Bank's deeds under power. OCGA § 9-11-8 (c). Thus, the Bank's estoppel theory relates to the merits of appellants' claim, an issue which has no relevancy to the Bank's motion to cancel appellants' notices of lis pendens. "[I]nquiries of that sort are reserved for a motion for summary judgment, a remedy [the Bank] remains free to pursue, [cit.]." *Scroggins v. Edmondson*, supra at 433 (2). See also *Jay Jenkins Co. v. Financial Planning Dynamics*, supra at 43 (5).

Although the Bank may ultimately prevail on the merits of appellants' claims to cancel the deeds under power, if it is appellants who ultimately prevail, then those deeds will be cancelled. It was error to grant the Bank's motion to cancel appellants' notices of lis pendens, since, "at this stage in the litigation, it cannot be said that the [realty conveyed by the Bank's deeds under power is] not 'involved' in [this] litigation." *Jay Jenkins Co. v. Financial Planning Dynamics*, supra at 43 (4).

*Judgments reversed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Anthony J. Solari III*, for appellants.
*Mills & Chasteen, Ben B. Mills, Jr.*, for appellees.