S01A0649. EVERCHANGED, INC. v. YOUNG et al.
(542 SE2d 505)

THOMPSON, Justice.

Everchanged, Inc. sued Tracy Young, Turner Coves Development and Beacon Group Development, seeking money damages for breach of contract and fraud, and specific performance of an option agreement.[1] Everchanged also filed a lis pendens on real estate owned by Turner and Beacon.

Turner filed an emergency motion to cancel the lis pendens on the ground that Everchanged's suit involved personalty, not realty. See OCGA § 44-14-610. The trial court granted the motion and Everchanged appealed directly[2] to this Court.

Although appeals from orders canceling lis pendens have been reviewed in the past by this Court[3] and by the Court of Appeals,[4] they do not inherently involve either title to land or equity. In this case, the underlying issue on appeal is a legal question,[5] which does not involve title to land,[6] and which can be resolved without resort to equity. It follows that this case must be transferred to the Court of Appeals. *Redfearn v. Huntcliff Homes Assn.,* 271 Ga. 745 (524 SE2d 464) (1999).

*Transferred to the Court of Appeals. All the Justices concur.*

---

[1] Everchanged entered into the agreement with Young to purchase Young's interests in Turner and Beacon.

[2] See *Scroggins v. Edmondson,* 250 Ga. 430, 432 (297 SE2d 469) (1982) (order granting motion to cancel lis pendens is directly appealable under collateral order exception).

[3] See, e.g., *Moore v. Bank of Fitzgerald,* 266 Ga. 190 (465 SE2d 445) (1996); *Jay Jenkins Co. v. Financial Planning Dynamics,* 256 Ga. 39 (343 SE2d 487) (1986); *Hill v. L/A Management Corp.,* 234 Ga. 341 (216 SE2d 97) (1975).

[4] See, e.g., *Quill v. Newberry,* 238 Ga. App. 184, 189 (2) (518 SE2d 189) (1999); *South River Farms v. Bearden,* 210 Ga. App. 156 (435 SE2d 516) (1993).

[5] The question is simply whether Everchanged's complaint involves an interest in personalty, or real property, for purposes of satisfying OCGA § 44-14-610.

[6] See *Bond v. Ray,* 207 Ga. 559 (63 SE2d 399) (1951); *Hooten v. Goldome Credit Corp.,* 224 Ga. App. 581 (481 SE2d 550) (1997).

DECIDED FEBRUARY 16, 2001.

*Julian H. Toporek,* for appellant.
*Oliver, Maner & Gray, Marvin A. Fentress,* for appellee.