A08A0130. BOCA PETROCO, INC. et al. v. PETROLEUM REALTY II, LLC.
(666 SE2d 12)

PHIPPS, Judge.

Litigation in Florida between Boca Petroco, Inc., Trico V Petroleum, Inc. and Trico VII Petroleum, Inc. (collectively, "Boca and Trico") on one side and Petroleum Realty II, LLC ("PR II") on the other side led to Boca and Trico filing a notice of lis pendens against property in Gwinnett County. The Gwinnett County Superior Court

---

granted PR II's petition to cancel the notice and ordered it removed from the county's records. Boca and Trico appeal. For reasons that follow, we affirm.

OCGA § 44-14-610 et seq. provide for the filing of a notice of lis pendens against real property involved in a legal action. Whether statutory requirements are met is a legal question,[1] and we review the trial court's decision de novo.

The Florida litigation concerned, among other things, a lease between PR II and Trico V for properties, including the Gwinnett property, to be used as gas stations and convenience stores. In June 2004, PR II sued Boca and Trico in Florida for breach of the lease (the "2004 Action"). Although the parties entered into a settlement that modified the lease, PR II alleged that Boca and Trico defaulted on their obligations under this settlement. In March 2006, after an evidentiary hearing, the Florida court entered a "partial non-final judgment" in the 2004 Action terminating the lease, awarding damages to PR II on certain of its claims, and retaining jurisdiction to enforce and modify the judgment and to award additional relief. A Florida appellate court affirmed this judgment.[2]

In the fall of 2006, Boca and Trico filed another action in Florida (the "2006 Action"), one count of which sought specific performance of the lease, including the right to purchase certain properties covered by the lease.[3] In connection with the 2006 Action, Boca and Trico filed a notice of lis pendens against the Gwinnett property. PR II petitioned the Gwinnett County Superior Court to cancel the lis pendens. After a preliminary review of the evidence and pleadings, the court held that, because the ruling in the 2004 Action terminated the lease, Boca and Trico lacked any enforceable interest in the Gwinnett County property and were not entitled to file a notice of lis pendens against the property in connection with the 2006 Action. The court granted PR II's petition and ordered "the Clerk of the Superior Court of Gwinnett County to cancel and immediately remove the lis pendens . . . from its records."

"The purpose of a lis pendens is to notify prospective purchasers that the property in question is directly involved in a pending suit, in the sense that the suit seeks some relief respecting that particular property."[4]

---

[1] See *Everchanged, Inc. v. Young*, 273 Ga. 474, n. 5 (542 SE2d 505) (2001).

[2] *Trico V Petroleum v. Petroleum Realty I*, 939 S2d 1075 (Fla. App. 2006).

[3] The 2006 Action contained several other counts seeking money damages.

[4] *Colony Bank Southeast v. Brown*, 275 Ga. App. 807, 808 (1) (622 SE2d 7) (2005) (citation and punctuation omitted).

The phrase "lis pendens" means, literally, pending suit. The common law doctrine of lis pendens relied on notice in the actual pleadings filed with the court in initiating litigation of property interests. The doctrine imputed to all third parties constructive notice of the litigation and of the claims against property being asserted in the pleadings and bound third parties to the outcome of the litigation.[5]

In 1939, however, Georgia enacted a statute to require the filing of a notice of lis pendens,[6] and accordingly OCGA § 44-14-610 provides:

No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property.

Notwithstanding OCGA § 44-14-610, Georgia continues to require a showing of the common law elements of lis pendens before finding that litigation gives rise to a valid lis pendens for which notice may be filed. In *Scroggins v. Edmondson*,[7] the Supreme Court of Georgia held:

"To the existence of a valid and effective lis pendens, it is essential that three elements be present; . . . the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings." Further, the real property must be "involved" in the suit within the meaning of [OCGA § 44-14-610], i.e., it must be property which is actually and directly brought into litigation by the pleadings in a pending

---

[5] *Vance v. Lomas Mtg. USA*, 263 Ga. 33, 35 (1) (426 SE2d 873) (1993) (citations and punctuation omitted).

[6] See id.

[7] 250 Ga. 430 (297 SE2d 469) (1982).

suit and as to which some relief is sought respecting that particular property.[8]

A court may cancel a notice of lis pendens if, on its face, the notice does not show that the common law requirements for a valid lis pendens have been met.[9] But because "a motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim," a court may not cancel a lis pendens notice on the ground that the underlying case (here, the 2006 Action) lacks merit.[10]

1. Boca and Trico argue that the trial court improperly considered the merits of the 2006 Action in determining that it did not create a valid lis pendens concerning the Gwinnett property. We agree.

In its order, the trial court focused on whether Boca and Trico had an "enforceable interest" in the property. A party who lacks an ownership interest in real property cannot file a valid notice of lis pendens against the property.[11] And a notice of lis pendens is void and subject to cancellation if the party who filed the notice loses his ownership interest.[12]

Here the trial court based its finding that Boca and Trico could not claim an enforceable property interest in the 2006 Action upon an order in the 2004 Action terminating the lease that gave rise to the property interest. But in *Moore v. Bank of Fitzgerald*,[13] the Supreme Court of Georgia held that a notice of lis pendens could not be cancelled on the ground that the underlying action was estopped by earlier litigation. Because estoppel was an affirmative defense to the underlying action, the *Moore* court held that the estoppel defense related to the merits of the underlying claim and was irrelevant to a motion to cancel a notice of lis pendens.[14] We find that the trial court impermissibly considered the merits of the 2006 Action in holding, based on an estoppel theory, that Boca and Trico lacked a property

---

[8] Id. at 432-433 (2), quoting *Walker v. Houston*, 176 Ga. 878, 880 (169 SE 107) (1933) (citation and punctuation omitted); see also *Panfel v. Boyd*, 187 Ga. App. 639, 646 (4) (371 SE2d 222) (1988).

[9] See *Hutson v. Young*, 255 Ga. App. 169, 171 (564 SE2d 780) (2002).

[10] *Scroggins*, supra at 433 (2); see also *Jay Jenkins Co. v. Financial Planning Dynamics*, 256 Ga. 39, 43 (5) (343 SE2d 487) (1986) (although some states statutorily authorize cancellation of lis pendens notice when plaintiff's success on merits of underlying case is unlikely, Georgia has no such statute).

[11] See *Jay Jenkins Co.*, supra at 42 (4) (a) (affirming cancellation of notice of lis pendens brought against real property by person who no longer had interest in joint venture that owned property).

[12] *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 753 (4) (c) (512 SE2d 671) (1999) (affirming cancellation of notice of lis pendens after party's ownership interest in property was extinguished through foreclosure and sale, which were upheld on appeal).

[13] 266 Ga. 190 (465 SE2d 445) (1996).

[14] Id. at 191.

interest that could give rise to a valid lis pendens.[15]

2. Nevertheless, we find that the trial court properly cancelled the notice of lis pendens because the Florida court lacked subject matter jurisdiction over the Gwinnett property, and thus one of the requirements for a valid lis pendens articulated by the Supreme Court of Georgia in *Scroggins* was not met.

Boca and Trico argue that the jurisdictional requirement in *Scroggins* was satisfied because the Gwinnett County Superior Court had jurisdiction over the petition to cancel the notice of lis pendens. But the jurisdiction of the court entertaining a later challenge to a lis pendens notice has no bearing upon whether the underlying litigation created a valid lis pendens for which notice could be filed, the issue addressed in *Scroggins*. For the requirement of subject matter jurisdiction in *Scroggins* to have purpose, the "court" referred to must be the court before which the underlying litigation was filed. Earlier Georgia law addressing the jurisdictional requirement supports this interpretation. In *Carmichael Tile Co. v. Yaarab Temple Building Co.*,[16] for example, the Supreme Court of Georgia described lis pendens as

> the jurisdiction, power, or control which the court acquires over the property involved in the suit pending the continuance of the action and until its final judgment therein, . . . for [the] object [of] the keeping of the subject, or res, within the power of the court until the judgment or decree shall be entered, and thus to make it possible to give effect to [its] judgments and decrees.[17]

One purpose of the doctrine of lis pendens is thus to ensure that the court adjudicating a lawsuit involving real property retains its power over the property pending the suit's resolution. The requirement of subject matter jurisdiction set out in *Scroggins* is consistent with this purpose because if the court hearing the underlying litigation lacks jurisdiction over the property, then it has no power over the property to retain and the litigation cannot create a valid lis pendens affecting the property.

---

[15] For this reason, we need not address Boca and Trico's separate claim of error concerning whether the order in the 2004 Action estopped them from seeking specific performance in the 2006 Action.

[16] 177 Ga. 318 (170 SE 294) (1933).

[17] Id. at 327-328, quoting *Tinsley v. Rice*, 105 Ga. 285, 288 (31 SE 174) (1898) (punctuation omitted); see also *Scarborough v. Long*, 186 Ga. 412, 418-419 (2) (197 SE 796) (1938).

"[J]urisdiction means the power of a court to render a binding judgment in the case."[18] The United States Supreme Court noted long ago that a court in one state does not have subject matter jurisdiction over real property in another state and cannot directly affect the title of property in another state.[19] And Florida courts have recognized that they lack jurisdiction over real property in other states.[20] While the Florida court presiding over the 2006 Action could exercise personal jurisdiction over the parties to that action to indirectly affect title to the Gwinnett property (for instance, by requiring the parties to take certain action regarding the property),[21] this does not satisfy Georgia's requirement that the court also have subject matter jurisdiction for a valid lis pendens.

As Boca and Trico point out, some jurisdictions recognize lis pendens created by litigation in other states.[22] Those jurisdictions have cited the public policy benefits of expanding lis pendens,[23] and they have noted that the common law requirements for lis pendens served to mitigate the harshness of the doctrine before the enactment of statutes requiring the filing of notice and interpreted their lis pendens notice statutes to narrow those common law requirements.[24] Unlike those jurisdictions, however, Georgia has expressly reaffirmed the common law requirements for the existence of a lis

---

[18] *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979).

[19] *Fall v. Eastin*, 215 U. S. 1, 9-10 (30 SC 3, 54 LE 65) (1909); see also *Baker v. Gen. Motors Corp.*, 522 U. S. 222, 239 (II) (B) (118 SC 657, 139 LE2d 580) (1998) ("one State's judgment cannot automatically transfer title to land in another State"), citing *Fall*, supra.

[20] See *Polkowski v. Polkowski*, 854 S2d 286 (Fla. App. 2003).

[21] See *Fall*, supra at 10 (An extraterritorial court's "decree does not operate directly upon the property nor affect the title, but it is made effectual through coercion of the defendant. . . . The court has no inherent power by the mere force of its decree to annul a deed or to establish a title.") (citations and punctuation omitted); *Gen. Elec. Capital Corp. v. Advance Petroleum*, 660 S2d 1139, 1143 (Fla. App. 1995) (United States Supreme Court decisions, including *Fall*, "make clear that, although a court may not directly act upon real or personal property which lies beyond its borders, it may indirectly act on such property by its assertion of in personam jurisdiction over the defendant").

[22] See *TWE Retirement Fund Trust v. Ream*, 8 P3d 1182, 1187 (B) (1) (b) (Ariz. App. 2000); *Kerns v. Kerns*, 53 P3d 1157, 1160-1164 (II) (Colo. 2002); *Winters v. Schulman*, 977 P2d 1218, 1223 (1) (C) (Utah App. 1999); *Belleville State Bank v. Steele*, 345 NW2d 405, 408-411 (Wis. 1984).

[23] See, e.g., *TWE Retirement Fund*, supra at 1187; *Winters*, supra at 1222-1223.

[24] See *Kerns*, supra at 1161-1162 (holding Colorado's lis pendens statute "obviates the need for . . . common-law restrictions" and thus finding "no sound justification for limiting the statute's applicability to actions pending in the jurisdiction where the property is located or to actions that operate directly upon title") (citations omitted); *Belleville State Bank*, supra at 411 (because Wisconsin's lis pendens statute ameliorated harshness of common law lis pendens, "[t]here is no reason therefore for statutory lis pendens, *in contrast to the common law lis pendens*, to be limited to the territorial jurisdiction of the court in which the action is pending") (emphasis supplied).

pendens, including its requirement for subject matter jurisdiction, since the enactment of its notice statute.[25]

Under the right for any reason rule, an appellate court may affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied.[26] PR II argued below that the lis pendens was invalid because the Florida court lacked jurisdiction over the property, and we affirm on this ground the trial court's cancellation of the notice of lis pendens.[27]

3. Boca and Trico argue that the trial court erred in directing the clerk to remove the notice of lis pendens from the county's records. OCGA § 44-14-612, which provides for the settlement, dismissal or final judgment in an action to be reflected on the face of the lis pendens record, applies to a properly filed notice of lis pendens.[28] But "a lis pendens not entitled to be recorded may be removed by court order by means . . . other than those prescribed" in the statute.[29] The trial court was authorized to order the notice of the invalid lis pendens removed from the county's records.[30]

*Judgment affirmed. Barnes, C. J., Ruffin, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., and Andrews, Miller, Ellington, Mikell, Adams and Bernes, JJ., concur.*

DECIDED JUNE 6, 2008 —
RECONSIDERATION DENIED JULY 23, 2008 ■■■■■■

*Morris, Manning & Martin, Jeffrey K. Douglass, Robert P. Alpert*, for appellants.
*Swift, Currie, McGhee & Hiers, Matthew B. Jones*, for appellee.

---

[25] *Scroggins,* supra at 432; see also *Ludvik v. James S. Jackson Co.*, 635 P2d 1135, 1140-1141 (Wyo. 1981) (holding that Wyoming's lis pendens statute did not alter common law requirements and thus did not have extraterritorial application), citing *Walker*, supra.

[26] *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002).

[27] See *Bailey v. Hall*, 267 Ga. App. 222, 223, n. 1 (599 SE2d 226) (2004) (judgment may be affirmed as right for any reason when judgment may be sustained upon legal basis apparent from the record which was fairly presented in court below).

[28] See *Hill v. L/A Mgmt. Corp.*, 234 Ga. 341, 343 (1) (216 SE2d 97) (1975) (discussing predecessor to OCGA § 44-14-612).

[29] Id. (citation omitted).

[30] Id. at 344 (1).