**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 9, 2025**

# In the Court of Appeals of Georgia

A25A0072. SPINOLA v. AKARANTA.

MERCIER, Chief Judge.

Following a jury's verdict finding that Carmen Spinola defamed the title to Ozioma Akaranta's condominium and awarding attorney fees to Akaranta, Spinola appeals, contending, among other things, that the evidence was insufficient to support the verdict, and, as a result, the trial court erred by denying her motion for new trial. For the reasons set forth below, we reverse.

The present litigation began when Spinola filed a complaint for monetary damages against Akaranta, alleging that a water leak from Akaranta's condominium damaged Spinola's lower-floor unit.[1] In the complaint, Spinola also requested an

---

[1] Spinola also sued the condominium association, Paramount at Buckhead Condominium Association, Inc., and the company hired to provide property

injunction to prevent Akaranta from selling her unit during pendency of the litigation. Contemporaneously, Spinola filed a notice of lis pendens against Akaranta's condominium unit.[2] The lis pendens states:

> Notice is hereby given that Carmen Spinola has made a claim for damages and equitable relief regarding the described real property in the following matter: *Carmen Spinola v. Paramount at Buckhead Condominium Association, Inc., FirstService Residential Georgia, Inc., and Ozioma Faith Akaranta*, Fulton County Superior Court, filed on January 22, 2021, Said claim affects the property known as 3445 Stratford Road, NE, Apt 2909, Atlanta, Georgia 30326-1721[.]

Thereafter, Akaranta answered Spinola's complaint and filed a counterclaim seeking both damages for defamation or slander of title pursuant to OCGA § 51-9-11 and attorney fees. Akaranta also filed a motion to cancel Spinola's notice of lis pendens, arguing that Spinola's lawsuit sought no recourse against Akaranta's property, itself, and, as such, the notice of lis pendens was improperly filed.

---

management services to the building, FirstService Residential Georgia, Inc. The claims against these defendants, however, were either dismissed or settled, and they are not involved in the issues presently before this Court.

[2] "The purpose of a lis pendens is to notify prospective purchasers that a particular property is the subject of pending litigation over title or an interest, i.e., a lien, an equitable interest, or other similar interest, which seeks some relief respecting such alleged interest in such realty." *Hudson v. Dobson*, 260 Ga. App. 473, 474 (1) (580 SE2d 268) (2003) (citation and punctuation omitted).

In response, Spinola amended her complaint for damages, adding claims for tortious interference with her property and unjust enrichment. Specifically, Spinola alleged that Akaranta interfered with her use of her condominium by failing to maintain her higher-level unit and that she "conferred a benefit upon . . . Akaranta as a . . . fellow member of the [Condominium] Association by virtue of her payment . . . for the damage sustained by [her] at the hands of [Akaranta], which should have been paid for by . . . Akaranta had she [maintained] the requisite insurance[.]"[3] Spinola further contended that, due to this conferred benefit, a "constructive trust should result against Akaranta's" condominium unit. In light of these contentions, Spinola contended that her "claims against . . . Akaranta and Akaranta's property involve[d] Akaranta's property within the meaning of the lis pendens statute, OCGA § 44-14-610." (emphasis omitted).

On February 16, 2021, the trial court conducted a hearing on both Spinola's request for injunctive relief and Akaranta's motion to cancel the notice of lis pendens. In a subsequent order, the trial court denied injunctive relief, finding that Akaranta

---

[3] Akaranta admitted that, at the time of the leak, she had allowed her property insurance policy, which she was required to keep by the bylaws of the condominium association, to lapse.

was permitted to market and sell her unit if she chose to do so. The trial court also denied Akaranta's motion to cancel the notice of lis pendens, finding that the lis pendens was valid and proper. Specifically, the trial court noted that, for a lis pendens to be valid, it must affect "property which is actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." *Scroggins v. Edmondson*, 250 Ga. 430, 432-433 (2) (297 SE2d 469) (1982) (citations and punctuation omitted). Recognizing that Spinola had argued in her amended complaint that a constructive trust should be imposed on Akaranta's property, the trial court then determined that Akaranta's property was directly connected to Spinola's allegations, stating that, "without addressing the merits of [Spinola's] claim, the [c]ourt finds that, based upon the allegations in the Amended Complaint, . . . Akaranta's property has been brought into the litigation and [Spinola] seeks relief respecting that particular property."[4]

The case proceeded to trial, and Akaranta testified that, prior to Spinola's filing of the notice of lis pendens, she had entered into two real estate agreements: the first to make a cash sale of her unit to a particular buyer, and the second to purchase a two

---

[4] "[A] motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim." *Scroggins*, 250 Ga. at 433 (2).

bedroom unit in the same building. She further testified that, after the potential cash buyer of her condominium became aware of the notice of lis pendens, he backed out of the purchase. Akaranta did not expressly state how her buyer became aware of the lis pendens, but she did indicate that her realtor informed her that it came up with a title search on the property.[5] Akaranta further explained that, without the proceeds from the sale of her own unit, she was financially unable to buy the larger unit for herself. In addition, Akaranta stated that, at the time the cash buyer backed out of buying her condominium unit, she had been approved for a loan with an interest rate of 2.125% to buy the two bedroom condominium for a purchase price of $405,000. Based on her contention that Spinola's notice of lis pendens was improper, defamed her title, and caused her real estate agreements to fail, Akaranta asked the jury to award damages that reflected the subsequent increase in value and price of the two bedroom unit to $445,000 (and taking into consideration the increase of mortgage interest fees).

With regard to the decision to originally file the notice of lis pendens, Spinola, a real estate agent, testified that the damages that she was seeking related only to her

---

[5] There was no evidence that Akaranta's buyer received the information from any other source than the notice of lis pendens filed with the trial court.

own condominium, not Akaranta's. She further testified that she knew that the notice of lis pendens would affect Akaranta's title, making it less marketable. She also testified that she knew Akaranta's condominium was on the market, and she wanted to prevent its sale by filing the lis pendens.

With regard to the additional claims that were added to the amended complaint after Akaranta filed her motion to cancel the notice of lis pendens, Spinola's trial attorney, who was not her attorney prior to trial, stated that he had "no intention of pursuing the unjust enrichment" claim at that time. He also withdrew Spinola's tortious interference claim for purposes of trial.

After presentation of all the evidence, the jury determined that Akaranta owed Spinola $9,001.41 in damages caused by the leak.[6] The jury also found that Spinola had defamed Akaranta's title, resulting in $15,000 in damages. In addition, the jury awarded Akaranta $12,500 in attorney fees and expenses of litigation. Thereafter, Spinola filed a motion for new trial.

Following a hearing, the trial court denied the motion for new trial. In doing so, the trial court reassessed the filing of the notice of lis pendens based on the merits of

---

[6] Akaranta does not challenge this verdict.

evidence produced at the time of trial, and it reversed its earlier ruling that the filing had been proper, stating:

> Here, the evidence presented by [Spinola] at trial served only to advance her argument that she sustained damage to her own property as a result of [Akaranta's] conduct. . . . There was no argument made at trial, nor any evidence to suggest that [Spinola] sought any relief with respect to [Akaranta's] particular property. Accordingly, [Spinola's] privilege argument fails as a matter of law, and her motion for new trial must be denied on that basis.

The trial court also found that the "claim for attorney's fees pursuant to OCGA § 13-6-11 was properly submitted to the jury and, based upon the jury's finding in favor of [Akaranta] on her counterclaim, the fees awarded were permissible under Georgia law." This appeal ensued.

1. In several related enumerations, Spinola contends that the evidence was insufficient to prove defamation of title. Of note, Spinola contends, among other things, that the notice of lis pendens was proper, privileged, and, therefore, unpublished. We agree that, due to the privileged nature of the filing of the notice of lis pendens as a matter of law, the evidence was ultimately insufficient to support Akaranta's claim for defamation of title.

It is settled that,

7

> where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. . . . The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and[,] after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's [motion] for new trial . . . will not be disturbed.

*Willis v. Brassell*, 220 Ga. App. 348, 348 (469 SE2d 733) (1996) (citations and punctuation omitted).

Pursuant to OCGA § 51-9-11, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." To establish slander of title, a claimant must prove: (1) publication of slanderous or libelous statements; (2) that the statements were false and malicious; (3) that the plaintiff sustained special damages thereby; and (4) that the plaintiff possessed an estate in the property slandered or libeled. See *Premier Cabinets v. Bulat*, 261 Ga. App. 578, 583 (6) (583 SE2d 235) (2003).

Even if otherwise slanderous or defamatory, statutorily privileged documents are subject to an exception, however, and cannot be used to maintain an action for defamation or slander of title. OCGA § 51-5-8 provides:

8

> All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. *However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous.*

(Emphasis supplied.) A valid and effective lis pendens filed in a court of competent jurisdiction to provide notice that certain real property is directly involved in a pending suit falls within this class of statutorily privileged documents. See, e. g., *Alcovy Properties v. MTW Investment Co.*, 212 Ga. App. 102, 103 (1) (441 SE2d 288) (1994) (overruled on other grounds by *Coen v. Aptean*, 307 Ga. 826 (838 SE2d 860) (2020).

> In turn, for a notice of lis pendens to be valid and effective,

> it is essential that three elements be present[:] the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings. Further, the real property must be "involved" in the suit . . ., i. e., it must be property which is actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property.

*Boca Petroco v. Petroleum Realty II*, 292 Ga. App. 833, 835-836 (666 SE2d 12) (2008)

(citation and punctuation omitted).[7] See also OCGA § 44-14-610.[8] With regard to

[7] In this case, only the question of whether the property was directly brought into the litigation is in issue.

[8] This statute provides:

(a) No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property, provided that:

(1) The real property is involved in a civil action into which realty is actually and directly brought by the pleadings in a pending suit and in which relief is sought regarding that particular property; and

(2) Any person with a claim of a legal or equitable interest in such real property shall have the right to intervene and file a motion to object in the civil action to the filing of the lis pendens, and, if so filed, the court shall review and make a determination within 60 days of such filing, unless otherwise extended by the court, as to whether:

(A) The filing of the lis pendens meets the requirements of this paragraph. If the court finds that such filing does not meet the requirements of this paragraph, the court shall enter an order canceling the lis pendens; and

(B) The filer of the lis pendens shall be required to pay or post into the

10

whether a property is directly brought into litigation, "[a] lis pendens may not be based upon a suit for money damages only[.] . . . The pending suit must seek relief in law or equity involving the real property in the lis pendens to protect the alleged interest in the land." *Hutson v. Young*, 255 Ga. App. 169, 170 (564 SE2d 780) (2002).

The validity of a notice of lis pendens, however, is not generally determined after the merits of the claims on which it is based have been decided.

> A court may cancel a notice of lis pendens if, on its face, the notice does not show that the common law requirements for a valid lis pendens have been met. But because a motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim, a court may not cancel a lis pendens notice on the ground that the underlying case . . . lacks merit.

*Boca Petroco*, 292 Ga. App. at 836 (citations and punctuation omitted.) And, it must be remembered that, a valid notice of lis pendens remains in effect until a final judgment has been entered in the underlying action and the time for appeal has expired. *Vance v. Lomas Mtg. USA*, 263 Ga. 33, 36 (1) (426 SE2d 873) (1993). Finally,

---

court's registry a bond in an amount to be determined by the court.

(b) During the pendency of the civil action, the court may enter an order canceling the lis pendens, on the court's own motion or on the motion of a party to the underlying action, upon a showing that the real property is no longer involved in the pending action.

whether a notice of lis pendens is valid or invalid and subject to cancellation, is a question of law. See *Phillips v. Almont Homes NE*, 365 Ga. App. 65, 67 (877 SE2d 644) (2022) (the decision to cancel a lis pendens is a question of law that is reviewed de novo on appeal). As privilege flows directly from this determination of validity, it is, by necessity, also a question of law.[9]

With all of these precepts in mind, it becomes clear that the trial court erred by reversing its decision that Spinola's notice of lis pendens was valid based on the merits of her claims presented at trial. When considering the initial motion to cancel the notice of lis pendens, the trial court applied the appropriate standard discussed directly above. Without addressing the merits of Spinola's claims, as required, the trial court found that Spinola's unjust enrichment claim and demand for a constructive trust directly brought Akaranta's property into the litigation, thereby making the notice of lis pendens valid and effective.

Privilege follows from this earlier correct ruling. So,

[h]ere, the lis pendens [was] properly filed in the trial court in conjunction with the lawsuits that were based upon the property . . .

---

[9] For this reason, the trial court erred to the extent that it treated the issue of privilege as a question of "newly discovered evidence" in its order considering the motion for new trial.

disputes. The lis pendens identified the properties that were directly involved in the pending suits. As such, the lis pendens were proper, privileged, and could not be deemed as constituting a slander of title.

*Executive Excellence v. Martin Bros. Investments*, 309 Ga. App. 279, 283 (1) (a) (710 SE2d 169) (2011). See also *Roofing Supply of Atlanta v. Forrest Homes*, 279 Ga. App. 504, 508 (3) (632 SE2d 161) (2006) ("The trial court could have found in this case that dismissal of this claim was warranted on the ground that RSA's filing of the lien notice was privileged under OCGA § 51–5–8."); *Premier Cabinets*, 261 Ga. App. at 583 (6) (same).

For these reasons, the jury's verdict finding that Spinola defamed Akaranta's title and awarding $15,000 in damages for that defamation must be reversed, as Spinola's notice of lis pendens was privileged.

2. Spinola also challenges the jury's award of $12,500 in attorney fees to Akaranta pursuant to OCGA § 13-6-11. "Attorney fees are recoverable under OCGA § 13-6-11 when a party has acted in bad faith, has been stubbornly litigious, or has subjected the other party to unnecessary trouble and expense." *City of Lilburn v. Astra Group*, 286 Ga. App. 568, 570 (649 SE2d 813) (2007) (citation and punctuation omitted). "However, a plaintiff is entitled to recover attorney fees only for that

portion of the fees which are allocable to the attorney's efforts to prosecute a *successful* claim against a defendant." *Premier Cabinets*, 261 Ga. App. at 582 (5) (emphasis supplied). Here, the claim upon which attorney fees was based is untenable and unsuccessful. As such, no attorney fees should have been assessed in relation to the pursuit of that claim.[10]

*Judgment reversed. Dillard, P. J., and Land, J., concur.*

---

[10] Given the rulings in this opinion, we need not consider Spinola's remaining enumerations of error.