## A03A0409. HUDSON et al. v. DOBSON.
(580 SE2d 268)

BLACKBURN, Presiding Judge.

Following a grant of summary judgment to B. Scott Dobson in his petition to cancel a lis pendens and for a declaration that the lien it represents is extinguished, Hudson and co-defendant Quality Grain Company, Inc. ("Quality Grain") appeal, arguing that the trial court erred by finding that (1) the lis pendens notice Hudson filed on property bought by Dobson was invalid because the subject property was not "involved" in an underlying lawsuit; and (2) a second amended complaint filed by Hudson, which did involve the property, did not relate back to the original complaint for purposes of reviving the lis pendens. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. *Jones v. Wellon.*[1]

Viewed in that light, the record shows that in 1999, Hudson, individually and as a shareholder and director of Quality Grain, filed claims in Gwinnett Superior Court against Julia Cotton, former president of Quality Grain, for conversion, breach of fiduciary duty, and other torts committed against Quality Grain. In the complaint, Hudson averred that Cotton transferred company funds to a personal account and then, "upon information and belief," used them to "purchase a personal residence on Spyglass Drive in Fulton County, Georgia" ("the property"). He also claimed that "all monies . . . and other assets of the Corporation obtained by Cotton in violation of her fiduciary duty as a director and president of the Corporation are held in constructive trust for the benefit of the Corporation." In the prayer for relief, Hudson sought an accounting, money damages, and an injunction prohibiting Cotton from misappropriating corporation assets.[2]

On June 8, 2000, Hudson filed a notice of lis pendens in Fulton County. The notice reproduced the style of the Gwinnett County action and stated that "[t]he above-styled case has been filed and claims have been asserted as to the real property described more particularly in *Exhibit 'A'* attached hereto and incorporated by reference." The attached exhibit gave the legal description of the property.

While the Gwinnett County litigation was pending, Cotton mort-

---

[1] *Jones v. Wellon,* 237 Ga. App. 62 (514 SE2d 880) (1999).
[2] The Gwinnett County suit against Cotton was ultimately successful, and Quality Grain was awarded money damages as well as a constructive trust on the property.

gaged the property, executing deeds to secure debt on December 22, 1999, and May 22, 2000. The security deeds were recorded on June 19, 2000. Cotton eventually defaulted on her mortgage loan. On March 5, 2001, the day before the foreclosure sale, Hudson amended his complaint to specifically seek a constructive trust against the property. Thirty minutes before the sale, on the courthouse steps, an attorney for Hudson told Dobson of the pending litigation and lis pendens and stated that, in his opinion, the property had been purchased with embezzled funds. The attorney did not mention the amended complaint nor did he provide any documentation. Dobson bid on the property, was successful, and bought it from Bank One.

After Dobson received a letter from Hudson's lawyers informing him that the property was subject to Hudson's interest, Dobson filed a petition in Fulton County to remove the lis pendens and for declaratory judgment regarding the property's title. The court granted summary judgment to Dobson, ruling that the lis pendens failed to provide legal notice because the underlying complaint did not "involve" the property, and that the amended complaint created, at best, a new lis pendens effective the day of the amendment, long after Bank One had filed its security interest. Therefore, the court ruled Bank One's foreclosure sale extinguished Quality Grain's interest. It is from that decision that Hudson appeals.

1. Hudson's original suit did not provide a valid basis on which to base a lis pendens, because it did not involve the property and sought only money damages. The purpose of a lis pendens is to notify prospective purchasers that a particular property is the subject of pending litigation over "title or an interest, i.e., a lien, an equitable interest, . . . or other similar interest, which seeks some relief respecting such alleged interest in such realty." *Hutson v. Young*.[3] For a lis pendens to be valid, the real property must be "involved" in the suit according to the meaning of OCGA § 44-14-610, the statute that authorizes it. *Scroggins v. Edmondson*.[4] That means it must be property that is "actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." *Kenner v. Fields*,[5] overruled on other grounds, see *Scroggins*, supra at 431, n. 1. A lis pendens may not be based only on money damages. *Hutson*, supra.

Here, while Hudson's suit mentioned the alleged purchase, that allegation was merely part of a factual allegation used to support Hudson's tort claims. Hudson claimed a constructive trust only over "assets *of the Corporation*," not over property acquired with assets of

---

[3] *Hutson v. Young*, 255 Ga. App. 169, 170 (564 SE2d 780) (2002).
[4] *Scroggins v. Edmondson*, 250 Ga. 430, 433 (297 SE2d 469) (1982).
[5] *Kenner v. Fields*, 217 Ga. 745, 747 (125 SE2d 44) (1962).

the corporation. Hudson never directly brought the property into the litigation nor did he seek specific relief with respect to it. Therefore, a lis pendens was unauthorized and Dobson cannot be charged with notice of it. See *Quill v. Newberry*[6] (no lis pendens authorized under similar facts).

2. Hudson's amendment to the complaint did not revive the invalid lis pendens as of the date of its original filing. In *Bridger v. Exchange Bank*,[7] our Supreme Court stated that "a bill so defective in its averments as not to create a lis pendens may be subsequently cured by amendment, *but the lis pendens will commence at the time of filing the amendment.*" (Emphasis supplied.) Id. at 829. Only "amendments which do not change the identity of the suit or affect the general purpose or object, *or create a new lis pendens*, will relate back to the date of the filing of the original petition." (Emphasis supplied.) Id. at 830. Hudson's original complaint did not create a valid lis pendens, and therefore the amendment created a *new* lis pendens that did not relate back to the filing of the original complaint, but was effective only as of the date the amendment was filed.

*Backman v. Packwood Indus.*,[8] cited by Hudson, does not change the result. In *Backman*, the plaintiff amended his complaint for money damages to seek equitable relief against property on which he had filed a notice of lis pendens. When he appealed the trial court's subsequent cancellation of the lis pendens, the defendant filed an abusive litigation claim. *Backman* held at most that the amendment related back for purposes of determining whether it was abusive to file the lis pendens, *not* whether the lis pendens was retroactively effective for notice purposes.

Hudson's lawyer's oral representations to Dobson 30 minutes before a foreclosure sale, too late to provide Dobson with a practical opportunity for Dobson to inquire further, also do not change the result. The lawyer's statement that a lis pendens and lawsuit had been filed against the property did not tell Dobson anything he was not already charged with knowing.

3. Hudson's case fails for an independent reason. "A lis pendens notice has no effect on a prior, even though unrecorded, conveyance to a bona fide purchaser for value." *Dime Sav. Bank of New York v. Sandy Springs Assoc.*[9] It is undisputed that the security deed on which Bank One foreclosed was executed on May 22, 2000, before Hudson filed even his first lis pendens. Therefore, even if the original

---

[6] *Quill v. Newberry*, 238 Ga. App. 184 (518 SE2d 189) (1999).

[7] *Bridger v. Exchange Bank*, 126 Ga. 821 (56 SE 97) (1906).

[8] *Backman v. Packwood Indus.*, 227 Ga. App. 416 (489 SE2d 135) (1997).

[9] *Dime Sav. Bank of New York v. Sandy Springs Assoc.*, 261 Ga. 485, 487 (4) (405 SE2d 491) (1991).

lis pendens were valid, it would still be subordinate to the security deed whose foreclosure resulted in Dobson's purchase of the property.

"Where the holder of the senior encumbrance on realty forecloses on the property, the purchaser obtains title free of all inferior liens and any junior liens attach to the surplus of the proceeds. OCGA § 44-14-530." *Murray v. Chulak.*[10] Because Bank One's security deed was superior to Quality Grain's lis pendens, Dobson's title is not subject to the lis pendens, and the trial court did not err in granting Dobson summary judgment.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 20, 2003.

*Curtis J. Dickinson,* for appellants.
*Webb, Tanner & Powell, Anthony O. L. Powell,* for appellee.

---

[10] *Murray v. Chulak,* 250 Ga. 765, 771 (3) (300 SE2d 493) (1983).