**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 18, 2023**

# In the Court of Appeals of Georgia

A23A0727. LHNH PERIMETER, LLC v. ACV CHAMBLEE, LLC et al.

MILLER, Presiding Judge.

This case involves a contract dispute concerning a failed sale of an apartment complex. LHNH Perimeter, LLC, the buyer in the transaction, appeals from the trial court's order canceling a notice of lis pendens which LHNH Perimeter filed on the apartment complex. LHNH Perimeter contends on appeal that it properly raised claims that involved the property in question such that a lis pendens was proper and that the trial court erroneously considered the merits of its claims when it considered canceling the lis pendens. We agree that LHNH Perimeter's claims involved the property such that a lis pendens was proper, so we reverse the trial court's order canceling the lis pendens.

Whether a trial court correctly cancels a lis pendens is a question of law, which we review de novo. *Phillips v. Almont Homes NE, Inc.*, 365 Ga. App. 65, 67 (877 SE2d 644) (2022).

The record shows that ACV Chamblee, LLC, Cheng Perimeter, LLC, and PDI Perimeter, LLC ("sellers") collectively own an apartment complex in Atlanta, Georgia. LHNH Perimeter contracted with the sellers to buy the property for $69,000,000. As part of the agreement, LHNH Perimeter was required to deposit $2,500,000 in earnest money with a third-party escrow agent. The contract further provided that the closing would occur by July 31, 2022. LHNH Perimeter failed to close by the specified date, and on August 17, 2022, it sent a letter to the sellers seeking to terminate the contract. The escrow agent notified the parties that it would continue to hold the earnest money until they resolved any disputes about the transaction.

The sellers filed the instant complaint, alleging that LHNH Perimeter breached the sale contract and seeking a declaratory judgment that they are entitled to the earnest money. LHNH Perimeter answered the complaint and raised counterclaims for a declaratory judgment, breach of contract, and the imposition of an equitable lien on the property. As part of its counterclaims, LHNH Perimeter alleged that the sellers breached the agreement by neglecting and mismanaging the property during the

2

contractual period and that they failed to make material disclosures. LHNH Perimeter also alleged that the sellers were in possession of $500,000 of the earnest money, and it argued that the purchase agreement entitled it to impose an equitable lien in that amount against the property, which would therefore allow it to pursue a judicial foreclosure and forced sale of the property. The day after it filed its answer and counterclaims, LHNH Perimeter filed a notice of lis pendens on the property with the clerk of court for DeKalb County.

The sellers subsequently filed a motion to cancel the lis pendens, arguing that the lis pendens was improper because LHNH Perimeter primarily sought to obtain the earnest money, not to claim an interest in the property. Following a hearing, the trial court granted the motion and canceled the lis pendens after concluding that LHNH Perimeter only raised a claim seeking a money judgment and did not raise a claim that "relate[d] and involve[d]" the property. By the sellers' suggestion, however, the trial court ordered the sellers to return the $500,000 in earnest money to the escrow agent. This appeal followed.[1]

---

[1] We have jurisdiction over this interlocutory appeal because a trial court's order canceling a notice of lis pendens is a collateral order subject to direct appeal. *Scroggins v. Edmondson*, 250 Ga. 430, 432 (1) (c) (297 SE2d 469) (1982).

On appeal, LHNH Perimeter argues for various reasons that the trial court erred by canceling the lis pendens. We agree that LHNH Perimeter's claims "involve" the real property, and so we reverse the trial court's order canceling the lis pendens.

"The purpose of a lis pendens is to notify prospective purchasers that a particular property is the subject of pending litigation over title or an interest, i.e., a lien, an equitable interest, or other similar interest, which seeks some relief respecting such alleged interest in such realty." (Citation and punctuation omitted.) *Hudson v. Dobson*, 260 Ga. App. 473, 474 (1) (580 SE2d 268) (2003).

> To the existence of a valid and effective lis pendens, it is essential that three elements be present[:] the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings. Further, the real property must be "involved" in the suit . . . , i. e., it must be property which is actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property.

(Citation and punctuation omitted.) *Boca Petroco, Inc. v. Petroleum Realty II, LLC*, 292 Ga. App. 833, 835-836 (666 SE2d 12) (2008); see OCGA § 44-14-610. "A lis pendens may not be based upon a suit for money damages only[.] . . . The pending suit must seek relief in law or equity involving the real property in the lis pendens to

4

protect the alleged interest in the land." (Citations omitted.) *Hutson v. Young*, 255 Ga. App. 169, 170 (564 SE2d 780) (2002).

> A court may cancel a notice of lis pendens if, on its face, the notice does not show that the common law requirements for a valid lis pendens have been met. But because a motion to cancel a notice of lis pendens does not raise any issue concerning the merits of a claim, a court may not cancel a lis pendens notice on the ground that the underlying case . . . lacks merit.

(Citations and punctuation omitted.) *Boca Petroco, Inc.*, supra, 292 Ga. App. at 836.

Here, the trial court held that a lis pendens was improper because of its conclusion that LHNH Perimeter's claims "are essentially claims for a money judgment." In its counterclaims, however, LHNH Perimeter argued that it was entitled to an equitable lien on the property based on the contract between the parties and the sellers' possession of the $500,000 of earnest money, and it asked the trial court to impose such a lien on the property, foreclose on the property, and force a judicial sale of the property. LHNH Perimeter therefore sought more than a mere money judgment and instead claimed a direct interest in the property such that the property was actually and directly brought into litigation by LHNH Perimeter's pleadings. *Scroggins*, supra, 250 Ga. at 432 (2) ("[A]ppellee's contention that her real property is not involved in the suit is without merit, since if appellant ultimately prevails in the

5

part of his suit under consideration, a trust or lien will be imposed on the property specifically described in his complaint."). Additionally, the notice of lis pendens was not premature merely because LHNH Perimeter has not yet shown that it is entitled to the earnest money. As stated above, the entire purpose of a lis pendens is to provide official notice of pending litigation that could potentially affect the property. *Hudson*, supra, 260 Ga. App. at 474 (1). The trial court therefore erred in concluding that the property was not "involved" in LHNH Perimeter's counterclaims within the meaning of OCGA § 44-14-610. See *Triple Eagle Assocs., Inc. v. PBK, Inc.*, 307 Ga. App. 17, 26 (3) (704 SE2d 189) (2010) ("Real property is directly involved in a civil action, for purposes of determining whether a notice of lis pendens was properly filed, if a lien will be imposed on the property as a result of the party who filed the lis pendens ultimately prevailing in the part of the suit under consideration. That is certainly the case here, since enforcement of the settlement agreement includes securing the prospective $1,300,000 payment with a second mortgage on the property of the Seller Defendants.") (punctuation omitted).

We note that it appears undisputed that the sellers have returned the $500,000 to the escrow agent pursuant to the trial court's order, which may have affected the basis for LHNH Perimeter's claims concerning the property. These claims nevertheless remain pending because a motion to cancel a lis pendens on its own

6

"does not raise any issue concerning the merits of a claim; inquiries of that sort are reserved for a motion for summary judgment, a remedy [the sellers] remai[n] free to pursue." *Scroggins*, supra, 250 Ga. at 432 (2).[2] This case is thus distinguishable from case law where we affirmed the cancellation of a lis pendens *after* the underlying claims were resolved. Compare *Triple Net Properties, LLC v. Burruss Dev. & Constr., Inc.*, 293 Ga. App. 323, 329 (3) (667 SE2d 127) (2008) (trial court properly canceled a lis pendens once it had granted summary judgment on the underlying claims); *Kirkley v. Jones*, 250 Ga. App. 113, 116 (3) (550 SE2d 686) (2001) ("Upon dismissal of [the plaintiff's claim for specific performance], the notice of lis pendens was properly canceled."); *Bellamy v. FDIC*, 236 Ga. App. 747, 753 (4) (c) (512 SE2d 671) (1999) (lis pendens was void once a party's interest in the property was resolved in court and extinguished in foreclosure).

Accordingly, we reverse the trial court's order granting the sellers' motion to cancel the lis pendens, and the litigation involving the subject property will move forward.

*Judgment reversed. Mercier, C. J., and Hodges, J., concur.*

---

[2] For this reason, we do not reach the sellers' arguments regarding the merits of LHNH Perimeter's contractual claims.